Woodworth, J.,
delivered the opinion of the court. The defendant in error contends, that the plaintiff in error is confined to the single point contained in the bill of exceptions. This, I apprehend, is incorrect; for when the record is made up, u special assignment of errors to the bill of exceptions is not required, but a general assignment is sufficient. (13 Johns. Rep. 475. Shepherd v. Merrit.) Consequently, the plaintiff in error may claim to have the judgment reversed, for matter apparent on the record, or bill of exceptions.
Before I consider whether the exceptions are well taken, it is proper to state, that no question can now arise on those points on which the court below omitted to charge the jury. (T. Raym. 404. 2 Term Rep. 145. Show. 120. 122.) A bill of exceptions may be taken on some point of law, cither in admitting or denying evidence, or a challenge, or some matter of law arising upon a fact not denied, in which either party is overruled by the court. (Graham v. Cam-man, 2 Caines’s llep. 168.) But. the refusal of the court to express an opinion on any particular point is not a case within the reach of a bill of exceptions. Our inquiry then is, in the first place, whether the declaration contains a good cause of action, independent of the special damages alleged ; and if so, whether the charge of the court below, on the point adjudged, was correct.
The general rule is well settled, that slanderous words are not actionable, unless “ the charge, if true, will subject the party char steel to an indictment for a crime, involving moral turpitude, or subject him to an infamous punishment.” (Brooker v. Coffin, 5 Johns. Rep. 188.) The exceptions to the general rule are words spoken of a person in his office, ^profession, or trade, or which impute to him an infectious disease. (Feise v. Linder, *181 3 Bos. &f Pull. 374, note (a.) Comyn’s Dig. Title Action on the case for defamation, (D.) 10 D. 29.) If the present action can be supported, it must be because it comes within one of the exceptions to the general rule.
If the words are not actionable, but in regard of the plaintiff s trade or profession, it is not sufficient to allege the speaking of him, without a colloquium of his trade, ¡ge, (1 Com. Dig. 211. (G. 3.) 1 Lev. 250.) Yet, if the speaking be alleged to he of the 'plaintiff and his art, it is sufficient, without an express colloquium of his trade. ( Comyn’s Dig. 211.)
In the present case, the plaintiff charges, that he was, at the time of speaking the words, and long before had been, a blacksmith, carrying on the trade of a blacksmith, and found and provided all such Don as ivas necessary, and required of him in the said business, and that he always kept honest and true accounts with all persons relating to the trade, and that the defendant, in a discourse concerning the plaintiff, in his said business, published the words charged in the declaration. Here, then, it appears, that a colloquium is substantially stated; and although the plaintiff might have averred expressly, that there was a discourse concerning the trade, and, then, that the defendant published the words of the plaintiff in relation to such trade, I do not perceive any material departure from that form of declaring ; for in speaking “ of the 'plaintiff in his trade f it follow’s, of necessity, that the trade or business must have been, in part, the subject of discourse; but admitting that here is not strictly a colloquium concerning the trade, still the declaration is good, and is supported by the authorities cited from Comyns and Lccinz, which declare, that if it be alleged that the words are spoken of the plaintiff and his art, it is sufficient.
In 8 Went. 232. the averment is, that the words were “ sjSoken concerning A. B. as such trader, and. of, and concerning, the state of his circumstances f but no colloquium is laid.
The next question is, whether words calculated to injure and impair public confidence in the integrity of a mechanic, ⅞ relation to his trade, are actionable. That they are so, when spoken of a merchant, cannot be doubted. (Backus v. Richardson, in Error, 5 Johns. Rep. 471.) It is well settled, in England, that words, not in themselves actionable, become so, when spoken of a person in his trade or profession; and the rule equally applies, whether the plaintiff is a merchant, or is carrying on the business of a mechanic. The plaintiff in error contends. that no action can be sustained in this case, because the words, if true, do not impute criminality, for which the plaintiff is punishable ; but it has already been shown, that cases of this description are exceptions to the general rule, and are governed by different considerations. Whether .the law is wisely settled, that a charge imputing the want of moral honesty is actionable, when applied to an individual in relation to his trade, *182 and is not so, when there is no such reference, would be a useless inquiry,
The defendant, then, must be considered as liable, if a book of accounts appertains to the business of a blacksmith. The fact is averred in the declaration, and as to the necessity of such books, there can be no doubt, if credit is ever given for the work, labor and services.
In 5 Com. Dig. 260, 261. it is laid clown, that to say of a weaver “he paivneth the goods of his customers, and is not to be trusted, is actionable,”
To say of a maltster “ he is a cheating knave, and keeps a false book-f (1 Vent. 117.) “he keeps false looks, deal not with him;” {Palm. 65.) and, generally, words which charge deceit or dishonesty, in the trade, are held to be actionable.
In 1 Lev. 115. [Terry v. Hooper, before cited) the court say, “ an action lies for speaking scandalous words of a lime-burner, or of any man of any trade or profession, be it ever so base, if they were spoken with reference to his profession.”
My opinion is, that the charge is well alleged in the declaration, that the keeping of a book of accounts is incident to the business of a blacksmith, and necessary in this country, where credit is generally given, as well by the mechanic as by the merchant and professional man ; that the words, as applied, are actionable, and entitled the plaintiff to recover, *without proving special damages. The charge of the court below is, in substance, that the words in this case were actionable equally as if spoken of a merchant. In my view, this was correct, and consequently the judgment ought to be affirmed; and that is the opinion of the court, (a)
Judgment affirmed.

 Vide Loomis v. Swick, 3 Wendell's Rep. 205. Sewall v. Catlin. Ibid. 291, Mott v. Comstock, 7 Cowen, 654. Ostrom v. Calkins, 5 Wendell's Rep. 263 Tobias v. Harland, 4 Wendell's Rep. 537.