WARD *vs.* LEE.

Where a party takes the assignment of a *chose in action* in suit, and on a compromise with the defendant, accepts a specific sum in lieu of damages and cost, he becomes thereby liable to the attorney prosecuting the suit for the taxable costs, and an action may accordingly be maintained against him for the recovery thereof.

Where two attornies transact business together as partners, and a suit is brought in the name of one of them against a client (or a person standing in the place of a client) for the recovery of the taxable costs of a suit prosecuted in the name of one of the attornies alone *as the attorney on record,* the other is a *competent witness* for the plaintiff, on executing to him a *release ;* the equitable claims of the witness, if any, go to his *credibility,* and not to his *competency.*

Where, in deciding the competency of such witness, the judge before whom the cause was tried, *arguendo* expressed the opinion that such witness could not have been joined as a co-plaintiff in the suit, the defendant on a writ of error is not at liberty to insist upon such point as error, *it not having been presented for decision :* the exception taken on the trial, relating solely to the decision of the judge, as to the competency of the partner as a witness.

ERROR from the New York common pleas. Lee sued Ward for work, labor and services, and for monies had and received to the plaintiff's use. The plaintiff proved, that as the *attorney* of one *Little,* he prosecuted an action of trespass, in the superior court of the city of New York, against one *Coit* and others, which was compromised on the *fifth* day of January, 1832, by the defendants agreeing to pay $100 in full of the damages and costs of such suit. The agreement first made by Coit was, that he should pay $50 *and the costs,* in full of the trespass suit; but on the interposition of the defendants' counsel, they finally agreed to pay $100 in lieu of damages and costs. On the *sixth* day of January, the $100 were paid by the defendants into the hands of C. C. King, their attorney, to pay over. On the same day that the money was paid to Mr. King, notice was given to him by Mr. *Lee* not to pay it over until the costs of the suit were paid. *After* this notice, *Ward* gave notice to Mr. King that *he* claimed the $100 as the *assignee* of *Little,* by virtue of an assignment

of the cause of action of Little against Coit and others, executed on the *third* of January, 1832. Lee also gave notice to Ward of his claim to the taxable costs, and requested him to consent to the payment of the same. Ward answered that he had an assignment from Little of the proceeds of the suit, and meant to hold them if the law would permit him. On the *twentieth* of January, King, with the assent of Little, paid the $100 to Ward, and took his indemnity, in which it was recited that Lee had forbidden the payment of the money to Little. On the same day, a notice in writing from Lee was left at Ward's office, apprising him of the *lien* for costs upon any money received in the suit of Little against Coit and others. The costs were taxed at $84,75. The principal facts on the part of the plaintiff were proved by *Thomas R. Lee*, a brother of the plaintiff, who, when called, was examined by the defendant as to his *interest*. He stated that he was the partner of the plaintiff in the practice of the law, and concerned generally with him, but that the plaintiff was the sole attorney on the record in the suit of Little against Coit and others, and that he, the witness, had released to the plaintiff, unconditionally, the costs in that suit: (the release was produced and proved.) Being asked whether he did not expect a portion of those costs, he said he did not know that he could answer as to that, but that he had given a release in the usual manner. Being asked whether he did not believe that he was to participate in those costs, he answered that he could not say that he believed that he was to participate in them—that between his brother and himself there had been no understanding. Being asked whether, from any thing he had heard from his brother since the release, he did not expect to derive a benefit from this suit, he answered that he must say that, from any thing so heard, he did not expect to derive any benefit. The court ruled, that as the plaintiff was the attorney on record in the suit of Little, and the present suit being for taxed costs in that action, the same must necessarily be in the name of the present plaintiff; but that the witness, as a sharer in the profits of the business, might have an equitable interest, unless such interest was released, and that such release having been given, he had no

demands against the plaintiff for any part thereof, unless some new promise had been made to him subsequent to the release, and that there being no proof of any such promise, he was a competent witness. To this dicision, the counsel for the defendant excepted. The judge refused to nonsuit the plaintiff, and, under his direction, the jury found a verdict for the plaintiff. The defendant excepted to the decision of the judge refusing to grant a nonsuit. Judgment was rendered for the plaintiff, and the defendant sued out a writ of error. The cause was submitted on written arguments.

ALBANY,
Oct. 1834.

Ward
v.
Lee.

*D. D. Field*, for plaintiff in error.

*T. R. Lee*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The plaintiff in error makes a point that *Thomas R. Lee* ought to have been joined in the suit below as a co-plaintiff, and insists that the judge, before whom the case was tried, decided that both parties could not be joined. What was said by the judge in reference to the parties to the action was merely *arguendo*. The point was *not presented to him for decision*, and if his reasoning was incorrect, all the plaintiff in error can present upon this writ of error is the point decided by the judge, to wit, that T. R. Lee was a competent witness: in respect to which there can be no doubt. The release conveyed all the interest of the witness; and even had he stated that he expected his brother would give him a portion of the costs, that would not have been sufficient to exclude him as a witness; it would go to his credibility, not to his competency. An interest which excludes a witness is a direct and certain legal interest. *5 Wendell*, 55. The counsel for the plaintiff in error refers us to the decisions of other courts for the rule on this subject; but however we may respect those courts, we prefer following our own decisions.

The other point in the case is, whether the plaintiff is entitled to recover the amount of his costs. This is a question between attorney and client. There is no question here of set-off between the parties to the suit; that class of cases has

no connection with this. Ward, the defendant here, took an assignment of such damages as might be recovered in an action of trespass then pending, and which was ready for trial, and in which the present plaintiff was the plaintiff's attorney. Two days after the date of the assignment, it was proposed by the plaintiff in that suit, who then was Mr. Ward, that the defendants should pay $50 and the costs, thereby admitting that costs were due the attorney. The proposition to pay the gross sum of $100 in lieu of damages and costs, came from the defendants in that suit. Ward, therefore, settled the suit with a full knowledge that costs were due; and by agreeing to take $100, including costs, he impliedly, at least, assumed the payment of those costs. In justice and equity, and I think in law too, he can no more secure himself from the payment of those costs than could Little, the assignor. The assignee is substituted in his place, and takes the fund subject to the claims of the attorney, by whose diligence, labor and money, that fund was created. None of the cases referred to are like this case; but they establish principals which confirm to the attorney the fruits of his labor as between him and his client. In *Welsh* v. *Hole Douglas*, 238, the plaintiff compromised the suit after judgment and execution, and released the defendant from debt and costs. Lord Mansfield said, "An attorney has a lien on the money recovered by his client for his bill of costs; if the money come to his hand, he may retain to the amount of his bill. He may stop it *in transitu*, if he can lay hold of it. If he apply to the court, they will prevent its being paid over till his demand is satisfied. I am inclined to go still farther, and to hold that if the attorney gave notice to the defendant not to pay till his bill should be discharged, a payment by the defendant after such notice would be in his own wrong, and like paying a debt which has been assigned after notice." As no notice had been given in that case, the court held the defendant discharged. In *Read* v. *Dupper*, 6 *T. R.* 362, Lord Kenyon says: "The principle by which this application is to be decided was settled long ago, namely, that the party should not run away with the fruits of the cause, without satisfying the legal demands of his attorney, by whose in-

dustry, and in many instances at whose expense those fruits are obtained." In this case, notice had been given to the defendant's attorney not to pay over the money in his hands, but he had paid it over to the plaintiff notwithstanding the notice, and the court held him liable to pay the costs to the plaintiff's attornies. In *Martin* v. *Hawks*, 15 *Johns. R.* 406, 7, this court recognized the above cases, and Mr. J. Spencer remarked, that after notice, the attorney was to be regarded as an assignee of the judgment, upon which he has a lien for his costs, and cannot be divested of his equities, when all parties, to the transaction had notice of his claim, and forbidden to do any act which should prejudice it. Upon these authorities, (and many more might be cited,) there is no doubt but the defendants Coit and Wintringham, and their attorney, Mr. King, might be compelled to repay the costs to the plaintiff Lee, had they paid the $100 to Little, the plaintiff on the record. Upon that state of facts, the case of *Read* v. *Dupper* would compel Mr. King to pay it. If a defendant and his attorney under such circumstances would have no equity, what equity can a plaintiff have who has received the costs due to his attorney, and withholds the money? That he is the assignee of the plaintiff gives him no equity against his attorney. He knew the matter which he purchased was in suit, and that costs were due the attorney; no notice was necessary to be served on him.

Again; according to the doctrine of Lord Mansfield, the attornies' lien attached upon this $100 before it was paid by Coit and Wintringham; for surely, as to them, it made no difference whether Little or Ward was the party in interest as plaintiff. The attorney having given notice to them, was entitled to the money from them. The attorney had a lien upon the fund in their hands, and the lien continued upon the fund in the hands of Mr. King; and he might have been compelled to pay it, for he had notice before he received the money and paid it over to Ward. Ward had notice of the lien upon the fund before he received it, and took it subject to that lien. I am now supposing, what I deny to be true, that Ward stood in any better situation than Little. The doc-

trine that an assignee *bona fide*, and for valuable consideration, it is to be protected where the assignor would not, has no application to such a case. What was assigned? Surely not $100, or any other sum, but such damages as Little might recover in an action of trespass, subject to all the equities of the attorney. I need not inquire whether such an assignee can be regarded in a court of law. Suppose he can, what equity has he superior to the attorney who conducts his suit? He is substituted in the place of Little, with no greater rights than Little had as between client and attorney. Ward having received the money which belonged to the attorney, the latter may recover it in the equitable action of money had and received to his use. The learned judge in the court below decided correctly, and his judgment must be affirmed.