## HARRIS *vs.* BURLEY.

If words are actionable by reason of their reference to some matter not suffi-
ciently appearing in the language used, such matter must be introduced into
the declaration by way of averment, or recital; and cannot be inserted by
way of innuendo, the office of which is merely to explain what goes before.

But it is necessary to aver only so much as will serve to explain the meaning
of the words used, and show the imputation intended to be made by the
defendant.

CASE for slanderous words. The declaration contained
the usual averments, and alleged that the plaintiff, at the
time when, &c., was, and had been a trader, and had exer-
cised and carried on, and did still exercise and carry on, the
business of a country trader, and vender of goods, wares,
and merchandize, &c.; that he had always maintained him-
self by honest, industrious attention to his business and call-
ing aforesaid, and that the defendant, maliciously contriving
to defame the plaintiff, and injure him in his trade, on, &c.
in a certain discourse, which the defendant then and there
had with one N. C., and other good citizens, of and con-
cerning the plaintiff in his said business and calling as a
trader and vender of merchandize as aforesaid, and with the
malicious intention and contrivance aforesaid, did falsely
and maliciously say, speak, and publish, of and concerning
the plaintiff in his calling and business and occupation
aforesaid, these false, slanderous, malicious, and defamatory
words following, that is to say : You have done well in
dissolving partnership with him, for if you had gone on
with him for two years, he would have ruined you. He
has hurt me a good deal, by taking, (meaning fraudulently
and dishonestly taking,) things, (meaning goods,) that he
has not accounted for. We have sold goods to a great
amount since we have traded together, and have sold them

at a profit, and have made nothing, and I can account for it in no other way than that he has taken, (meaning fraudulently and dishonestly taken,) things, (meaning goods,) without accounting for them. He has taken, (meaning taken as aforesaid,) a great deal of goods and money. You may depend upon it they, [the plaintiff and his brother,] are both very dishonest fellows, (meaning dishonest in the business and calling aforesaid.) There were other averments and inuendos, explaining the sense of the words used, which are not necessary to be stated.

After a verdict for the plaintiff, the defendant moved in arrest of judgment, upon the ground that the foregoing inuendos enlarged the sense of the words.

*Jos. Bell, Quincy*, and *Weeks*, for the defendant, cited *Selw. N. P.* 1064; 6 *D. & E.* 694, *Holt* vs. *Scholefield*; 1 *Chitty's Pl.* 383; *Cowp.* 684, *Rex* vs. *Horne*; 3 *Saund. Rep.* 307.

*Bartlett*, and *Rogers*, for the plaintiff, cited 5 *Wend.* 263, *Ostrom* vs. *Calkins*; 17 *Johns.* 217, *Burtch* vs. *Nickerson.*

PARKER, J. It has sometimes been thought necessary to explain by inuendo almost every word set forth in a declaration for slander; and where the language was most simple, and from the context not liable to be misunderstood, the record has been overloaded with inuendos. It is undoubtedly best in all cases of doubt to insert an inuendo, in order clearly to affix the slanderous meaning of the words uttered; but where the interpretation of the language used is apparent of itself, an inuendo is useless. 8 *Mass. Rep.* 255, *Walker* vs. *Winn.* The only office of the inuendo is to state the meaning of what precedes it, so as to show, upon the face of the declaration, the precise slander which has been uttered by the defendant. *Cowp.* 277, *Peake* vs.

*Oldham; 5 East* 463, *Woolnoth* vs. *Meadows; 9 East* 93, *Roberts* vs. *Camden.* And if this can appear only by reference to other facts, not set forth in the words themselves, such facts must be introduced into the declaration by way of averment or recital, as a foundation for the inuendo. *Cowp.* 683, *Rex* vs. *Horne; 5 Johns. Rep.* 221, *Van Vechten* vs. *Hopkins.* It is only necessary, however, to aver so much as will serve to show, that the language used conveyed the imputation relied on as the foundation of the action.

In the present case it is contended that the inuendo enlarges the sense, in setting forth that by the allegation that the plaintiff had taken things, the defendant meant that the plaintiff had fraudulently and dishonestly taken goods ; and it is argued, that there should have been an averment, that there was a colloquium respecting the plaintiff's having fraudulently taken goods.

That the plaintiff had "taken things," certainly does not, standing alone, and by the mere force of the expression, import that he had fraudulently taken goods ; and unless there is something in the precedent averments, or in the context, by which this alleged meaning is upheld, the inuendo has enlarged the sense of the words. But if this part of the language used, taken in connexion with the other words set forth as having been used at the same time, and the preceding averments, might naturally import the sense affixed to it by the inuendo, without the aid of other matter not appearing in the declaration, then the inuendo is not objectionable.

The declaration alleges in substance that the plaintiff was a trader, and that the defendant, contriving to defame and injure him in his trade, in a conversation of and concerning the plaintiff in his business as a trader, spoke and published of him, in his said calling and business, certain words, and among them, that the person to whom he was speaking had done well in dissolving partnership with the plaintiff, for if

he had gone on the plaintiff would have ruined him—that he had hurt the defendant a good deal, by taking things that he had not accounted for—that the defendant and the plaintiff had sold goods to a great amount while they traded together, and at a profit, and had made nothing, and he could account for it in no other way than that the plaintiff had taken things without accounting for them—that he had taken a great deal of goods and money—and that he was a dishonest fellow. From the context there seems to be no additional averment necessary in order to explain the words in the sense in which the inuendo explains them. It does not enlarge the sense. There can hardly be a doubt raised, from the language itself, used in relation to the plaintiff as a trader, that by the assertion that he had taken things that he had not accounted for, the defendant intended to charge him with having fraudulently and dishonestly taken them. It was alleged at the same time that this was the only way that the defendant could account for the fact that they had not made any thing—that plaintiff had taken a great deal of goods and money—was dishonest—had hurt the defendant—and would have ruined the witness if he had not dissolved partnership with him.—It would be an unnatural construction to suppose that this related to a taking of goods lawfully, or by mistake. And it cannot be necessary, under such circumstances, to insert an averment of a colloquium concerning the plaintiff's having fraudulently taken goods. It is sufficient that it is averred that there was a colloquium of and concerning the plaintiff in his business as a trader, and that the words were uttered concerning him in his said business and calling. The context shows that the conversation must have been of his having fraudulently taken goods. *Cowp.* 686 ; 3 *Saund.* 307, *note ;* 17 *Johns.* 217, *Burtch* vs. *Nickerson.*

Similar remarks are applicable to the inuendo, that by dishonest fellow was meant dishonest in the business of a trader. In a conversation averred to have been concerning

the plaintiff as a trader, words, averred to have been spoken of him in his said business, impute to him conduct of a dishonest character while engaged in trade with the defendant; and when the defendant, (speaking of the plaintiff as a trader,) closed with the declaration that he was a dishonest fellow, it is very naturally explained as meaning that he was dishonest in his business as a trader. The whole matter is to be taken together. 4 *Barn. & Ald.* 314, *The King* vs. *Burdett.* The jury have found that such was the meaning, and there must, therefore, be

*Judgment on the verdict.*