Parsons v. Brown.

---

## PARSONS vs. BROWN.

It is not improper for a witness to testify that the plaintiff was in possession of real estate, at a particular time; although the question whether the plaintiff, or the defendant, was in possession at that time, is a material question in the cause   The witness is not to be confined merely to a statement of the *facts* constituting possession.

A possession in fact, of land, will justify the possessor in using violence, if necessary, in order to defend his possession; but a mere right to the possession will not justify a person in committing an assault and battery upon another, for the purpose of reducing his right to actual possession.

Where, in an action for assault and battery, the defense is *son assault demesne*, and in defense of the defendant's possession of real estate, both parties claiming to have been in possession, the true question to be submitted to the jury is, which party had the actual possession at the time the assault was committed.

Where the bill of exceptions, in such a case, states that "the judge, among other things, charged the jury that," &c. the court will infer that other instructions than those mentioned were given by the judge, and will assume that the question of actual possession was properly left to the jury; unless the contrary appears.

If a party wishes the attention of the jury, upon a trial, directed to any particular fact, question, or aspect of the case, and desires the advice of the judge thereupon, he should make the request.   In the absence of any such request, the verdict should not be disturbed, unless for some mistake of law committed by the judge, affirmatively appearing upon the bill of exceptions.

APPEAL from an order made at a special term, granting a new trial.   The action was for an assault and battery, and was tried at the Monroe circuit in April, 1852, before Harris, justice.

Parsons *v.* Brown.

The complaint was in the ordinary form. The answer contained three defenses; 1. A denial of the material allegations of the complaint. 2. The common defense of *son assault demesne.* 3. That the defendant was in possession of a part of a saw mill; that while he was endeavoring to open the door of the saw mill the plaintiff assaulted him and dispossessed him of his premises; that he defended himself against the assault, in doing which he did necessarily and unavoidably a little beat and bruise the plaintiff, as he lawfully might, &c. which were the same acts mentioned in the complaint. The plaintiff by his replication took issue upon the allegations in the second and third defenses. Evidence was given, on the trial, by both parties, upon each of the issues. Shadrack Parsons, the first witness sworn, testified that the plaintiff was his brother, and after describing the scene of the affray between the parties, stated as follows: "My brother had possession of the saw mill at this time and of the shingle mill and this room." The bill of exceptions then stated that "this declaration as to possession of the shingle mill, objected to as evidence, upon the ground that the witness should state the facts relating to the possession; and when these appeared, it would be a question of law whether they constituted possession or not. But the court decided to receive the testimony, and the defendant's counsel excepted." The witness was then examined touching the circumstances of the assault and battery and of the facts constituting the plaintiff's possession. It appeared that the plaintiff had been in possession of the saw mill for six or seven years, and that on the first day of June, 1850, he had leased the part of it in question, with certain water privileges therewith connected, to one Frink, for one year from that time, for the purpose of a shingle mill. Frink entered under the lease and used and occupied the premises leased, until, as was undisputed, a few days before the affray, which occurred about the 27th day of March, 1851. The plaintiff contended, and gave evidence tending to prove, that a few days before the affray he had bought of Frink the residue of his term in the shingle mill, and that Frink had surrendered the possession thereof to him,

and that he was in the actual possession of the shingle mill at the time of the affray. The defendant contended, and gave evidence tending to prove, that Frink had not sold out the remainder of his term to the plaintiff, but had left the shingle mill temporarily, and had formed a partnership with him, the defendant, in the business of manufacturing shingles in the mill in question, and that the plaintiff entered under his arrangement of partnership with Frink, who was at the time absent in Canada; and that it was in defending the possession of Frink and himself that the assault and battery was committed. A number of witnesses were sworn and testified in relation to the circumstances of the affray, and also touching the question of the right of possession to, and as to which party was in the actual possession of, the shingle mill when the affray took place.

After the testimony was closed the judge charged the jury, among other things, that in his opinion it was unnecessary to decide which of the parties had the legal right to the possession of the shingle mill; that the defendant, if he had the right to the possession and had been wrongfully expelled or kept from the possession, had no right to recover such possession by force; that whatever his legal rights in the premises were, he was not justified in taking forcible possession, and if he went there with that intent, he was a wrongdoer; that though a man may lawfully defend himself in the possession of property, he may not lawfully resort to violence for the recovery of such possession. The judge further stated to the jury, that whatever the legal rights of the parties were in respect to the shingle mill, it was probable that at the time of the affray, each party supposed he had a right to the possession. The plaintiff no doubt supposed he had purchased the interest of Frink, and the defendant supposed he had a right to enter under the arrangement for a partnership. These were circumstances which might properly be considered by the jury in their deliberations. The counsel for the defendant excepted to the charge. The jury found a verdict of $500 for the plaintiff, which was set aside and a new trial granted by an order made at special term.

Parsons *v.* Brown.

*John H. Martindale*, for the plaintiff.

*H. Humphrey*, for the defendant.

*By the Court,* WELLES, P. J. The objection to the evidence given by the witness Shadrack Parsons, that his brother, the plaintiff, had possession of the saw mill, &c. is without foundation. It is not denied that the question of possession was material, but the objection is, that it was a mixed one, of law and fact, and that the witness should only have been permitted to testify as to the facts constituting possession. I think the objection is too nice. The evil apprehended—that of the witness misjudging the meaning of the word possession—can always be guarded against by a cross-examination. It is a word in very common use, and its signification in a popular sense well understood; and although, under some circumstances, it may be difficult to apply it with safety and certainty, in the great majority of cases there is no difficulty; and where there is, a cross-examination will always set the matter right.

The more important question arises upon the judge's charge. It is supposed he erred in instructing the jury that it was not material which party had the right to the possession of the shingle mill. In this I do not perceive any error. Admitting the defendant had such right, it most clearly would not justify him in committing an assault and battery upon the plaintiff for the purpose of reducing his right to actual possession. If he had the possession in fact, the law would justify him in using violence, if necessary, in order to defend his possession; and so the jury were instructed. It cannot be necessary to refer to authorities for the purpose of establishing these propositions.

The true question, under the circumstances, was, which party had the actual possession at the time the assault was committed. If the defendant had, and the assault was in defense of that possession, he was justified, unless he used more force than was necessary. If the plaintiff had the actual possession, the defendant was not justified, no matter how perfect his right of

possession.   Upon this question of actual possession, there was evidence given on both sides, and it was a proper one to submit to the jury.

It is fair to infer from the bill of exceptions, that other instructions than those mentioned were given by the judge to the jury.   It states that "the judge among other things charged the jury that," &c.   I think we are bound to assume that the question of actual possession was properly left to the jury, unless the contrary appears.   And even if he had wholly omitted to say any thing on the subject, it would be no ground of objection, unless the defendant's counsel had called his attention to it and requested him to charge the jury on the question.   He certainly stated the law correctly.   He told them that a man might lawfully defend himself in the possession of property.   It was equivalent to saying that if the defendant was in possession, he was justified in the use of all necessary force to protect his possession. That was all the defendant had a right to ask, on that subject. If he wished the attention of the jury directed to any particular fact, question or aspect of the case, and desired the advice of the judge thereupon, he should have so requested.   In the absence of any such request, the verdict should not be disturbed, unless for some mistake of law committed by the judge, affirmatively appearing upon the bill of exceptions.   (*Dunlap* v. *Patterson,* 5 *Cowen,* 243.   *Douglass* v. *McAlister,* 3 *Cranch,* 298. *Smith* v. *Carrington,* 4 *Id.* 62.   *Vasse* v. *Smith,* 6 *Id.* 226. *Burtch* v. *Nickerson,* 17 *John.* 217.   *Ward* v. *Lee,* 13 *Wend.* 41.   *Gardner* v. *Picket,* 19 *Id.* 186.   *Ford* v. *Monroe,* 20 *Id.* 210.   *Simpson* v. *Downing,* 23 *Id.* 316.   *Stafford* v. *Bacon,* 1 *Hill,* 532.   *Underhill* v. *Pomeroy,* 2 *Id.* 603.)

The question of the right of possession was litigated upon the trial, and evidence given upon it on behalf of each party.   It was proper, as affecting the question of actual possession, and perhaps upon the question of damages ; at all events, no objection was made to it by either party.   The judge submitted the evidence on that subject to the consideration of the jury.   Upon the whole, I am not able to perceive that any error was commit-

ted by the judge at the trial, and think the order granting a new trial should be reversed, and that the plaintiff should have judgment upon the verdict.

Ordered accordingly.

[MONROE GENERAL TERM, September 5, 1853. *Welles, Selden* and *T. R. Strong*, Justices.]