## DAVID TRIMMER, PLAINTIFF, *v.* JOHN HISCOCK, DEFENDANT.

*Slander against hotel-keeper — what words are actionable per se — Answer — the defendant cannot dispute facts admitted by it.*

The defendant alleged that the plaintiff, who was keeping a hotel, "kept no accommodations, and a person could not get a decent meal or decent bed if he tried."

*Held,* that the words were actionable *per se.*

The defendant admitted in his answer that the plaintiff was the keeper of a public inn or hotel, which he kept for profit and to enable him to support himself and his family.

*Held,* that he was concluded by his answer from claiming upon the trial that the action could not be maintained because the plaintiff had failed to procure a license to keep a hotel as provided by chapter 419 of 1877.

EXCEPTIONS ordered to be heard at the General Term in the first instance, after a nonsuit granted at the Monroe Circuit.

*George E. Ripson,* for the plaintiff.

*John M. Davy,* for the defendant.

HAIGHT, J. :

This action was brought to recover damages alleged to have been sustained by the plaintiff, by reason of the speaking by the defendant of certain false and scandalous words of and concerning the plaintiff personally and of his business as a hotel keeper. Upon the trial an attempt was made to prove special damages. The evidence tended to show that since about the time that the alleged slanders were uttered, there was a falling off in his business as a hotel keeper. This, however, was fully accounted for by the plaintiff's own witnesses, who testified that at about that time there was a Good Templars' organization effected in his village, and that many of his old customers and patrons had joined that organization and ceased to frequent his house; that at about that time numerous prosecutions were instituted against him for violating the excise law; and that it was owing to this organization and these prosecutions that there was a falling off in the plaintiff's business. The

witnesses produced by the plaintiff, and who testified to having heard the slanderous words spoken, stated that it made no difference with them as to their patronizing the plaintiff's house. In the absence of evidence of special damages it becomes necessary to determine whether the words spoken were actionable *per se.* The general rule is that slanderous words are not actionable when spoken concerning a person unless the charge, if true, will subject the party to an indictment for a crime involving moral turpitude, or subject him to punishment for an infamous crime, or unless the words spoken tend to prejudice one in his office, profession, trade or business. (Folkard's Starkey on Slander and Libel, §§ 88, 102; *Burtch* v. *Nickerson,* 17 Johns.; 217; *Fitzgerald* v. *Redfield,* 51 Barb., 484; *Ireland* v. *McGarvish,* 1 Sandf., 155.)

It is not contended that any of the slanderous words spoken, charge the plaintiff with the commission of a crime, and as to those spoken of himself, they are not actionable *per se.* It is only those alleged to have been uttered concerning his business, which can be claimed to be within the rule as actionable.

Most of the words alleged in the complaint, which were proved upon the trial to have been uttered, have reference to the plaintiff's character and conduct. The only words alleged in the complaint and proven, which have reference to his business, appear in the testimony of his son, and are as follows: "He kept no accommodations, and a person could not get a decent meal or decent bed if he tried." These words, to some extent, reflect upon the plaintiff's business, and may tend to prejudice him in his employment of keeping a hotel. We are inclined to the opinion that they are within the rule of words spoken of and concerning one's business, which are actionable *per se.*

It was claimed on the argument on the part of the respondent that the action could not be maintained, for the reason that the plaintiff had not procured a license to keep a hotel, under chapter 419 of the Laws of 1877. The defendant's answer, however, admits that the plaintiff was and is the keeper of a public inn or hotel, and that he kept the said inn for profit and to enable him to obtain a livelihood for himself and family, as alleged in the complaint.

We are of the opinion that the defendant is concluded by this answer from raising that question.

The judgment should be reversed and new trial ordered, costs to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.