Emil C. Brendlin, Appellant, *v.* Lucius H. Beers, Respondent.

(Supreme Court, Appellate Term, July, 1910.)

Assault and battery — Civil Liability — Defenses.
Licenses to enter upon land — Creation and requisites of license — Presumption of license.

> In an action against the landlord of an apartment house for an assault and battery which consisted of the plaintiff's forcible ejection by the janitor, it is not a defense to allege and prove that plaintiff's ejection was occasioned by his refusal to obey the order of the janitor to communicate with one of the tenants, from whom he had come to collect a bill, through the dumb-waiter.

Appeal by the plaintiff from a judgment of the City Court of the city of New York.

Adolph & Henry Bloch, for appellant.

Henry DeForest Baldwin, for respondent.

Guy, J. This is an appeal by plaintiff from a judgment dismissing the complaint, in an action for damages for assault and battery alleged to have been committed upon plaintiff by defendant's employee, the janitor of premises belonging to defendant. The complaint alleges that plaintiff entered the premises on invitation of one of the tenants for the purpose of collecting a bill due him, and plaintiff testified that he so informed the janitor; that the janitor ordered him to go down to the dumb-waiter and collect his bill there; that plaintiff refused to do so and was thereupon forcibly ejected from the house by the janitor. Plaintiff sought to prove the purpose for which he entered the premises, but the evidence was excluded. The exclusion of this evidence constituted reversible error, it being essential and relevant to the establishing of plaintiff's cause of action. While the landlord of an apartment house has an undoubted right to establish reasonable rules and regulations as to the use of the entrance, stairways and other parts of the prem-

ises under his control to promote the comfort and safety of the tenants generally, such rules and regulations must not be arbitrary in character or inconsistent with the use thereof by the tenants or by persons who, by reason of occupancy by particular tenants, or by reason of an invitation extended to them by the tenants, have a right to be therein. There is no evidence that the presence of the plaintiff upon the premises interfered with good order, or the comfort of the occupants generally; and, except for the delivery of merchandise, the requirement that he should communicate with the tenant, who had invited him there, by means of the dumb-waiter, was an unreasonable and arbitrary requirement which he properly disregarded. The contention that he invited the assault is not borne out by any reasonable construction of the evidence.

The judgment should, therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.