### BRENDLIN v. BEERS.

(Supreme Court, Appellate Division, First Department.   May 5, 1911.)

ASSAULT AND BATTERY (§ 15*)—CIVIL LIABILITY—JUSTIFICATION.

    Plaintiff went to defendant's apartment building to collect a bill from a tenant.   The janitor, upon being informed what he wanted told plaintiff to go downstairs and make the collection by the use of a dumbwaiter, according to a rule established by the landlord.   Plaintiff refused, and attempted forcibly to pass the janitor, who thereupon seized

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him, and they fell to the floor. There was no evidence that plaintiff had been invited, expressly or impliedly, by the tenant, to enter the building contrary to such rules. *Held*, that the janitor had a right to prevent his entering the building, by using force sufficient for that purpose, and the landlord was not liable for the assault.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 13–15; Dec. Dig. § 15.*]

Appeal from Appellate Term.

Action by Emil C. Brendlin against Lucius H. Beers. From a judgment of the Appellate Term (68 Misc. Rep. 310, 123 N. Y. Supp. 1062), reversing a judgment of the City Court dismissing the complaint, defendant appeals. Reversed, and judgment of the City Court affirmed.

See, also, 140 App. Div. 914, 125 N. Y. Supp. 1114.

Argued before INGRAHAM, P. J., and McLAUGHLIN. SCOTT, MILLER, and DOWLING, JJ.

Henry De Forest Baldwin, for appellant.
Charles E. Travis, for respondent.

McLAUGHLIN, J.  The plaintiff, at the time stated in the complaint, was engaged in the retail tea and coffee business, employing several salesmen to take orders and make deliveries; he personally collecting the bills. On July 12, 1909, he went to an apartment house owned by the defendant in this action for the purpose of collecting a bill from a customer. He entered the vestibule, rang the customer's bell, and thereupon the janitor of the house appeared and asked him what he wanted. The plaintiff informed the janitor that he came to collect a bill from one of the tenants, whom he named. The janitor then told him to go downstairs and make the collection by means of the dumb-waiter, at the same time saying this was in accordance with orders given to him by the owner of the premises. The plaintiff refused to do this, and attempted to forcibly pass the janitor for the purpose of going to his customer's apartment. The janitor thereupon seized him, and they both fell to the floor, where they remained until separated. The plaintiff then left the premises and instituted this action in the City Court of the City of New York against the owner of the apartment house to recover damages for alleged assault and battery by the janitor. The complaint was dismissed at the close of plaintiff's case, and the plaintiff appealed to the Appellate Term, which reversed the judgment and ordered a new trial, and from such determination the defendant appeals to this court. No claim is made but what the janitor was acting within the scope of his authority and that defendant is responsible for whatever he did.

I am of the opinion the complaint was properly dismissed. There is no evidence that the janitor used any more force than was necessary to prevent the plaintiff from entering the house after he had been told he could not do so. The alleged cause of action is predicated upon the proposition that the plaintiff had a legal right to enter the apartment house, notwithstanding the fact that the owner forbade his do-

ing so. He had no such right, and, if he had, he could not resort to force to accomplish that purpose. When the owner of a house rents it to another, he thereby confers upon the tenant the right to use the building or such part of it as is rented, and this includes an easement of ingress and egress by the usual way. This easement, however, is for the tenant (Totten v. Phipps, 52 N. Y. 354; Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629), and third parties, except upon the invitation, either express or implied, of the landlord or tenant, have no more right to enter the building than they would if it were vacant. Here the record is absolutely barren of any evidence that the tenant had, either expressly or impliedly, invited the plaintiff to enter the building, contrary to the rules established by the landlord. The plaintiff, before the alleged assault was committed, had been informed, that he could not deliver goods or collect bills, except by means of the dumbwaiter, which was located in the basement. This was a rule which had been established by the landlord, and so far as appears was a reasonable one, and entirely satisfactory to the tenant. It certainly was one which, so far as this plaintiff was concerned, the defendant had a right to make, and when he was so informed, and told he could not enter for the purpose of collecting the bill, he should have left the building. When he thereafter attempted to force his way into the building, defendant had a right to prevent his doing so, by using force sufficient for that purpose. Foye v. Sewell, 21 Abb. N. C. 15; Breitenbach v. Trowbridge, 64 Mich. 293, 31 N. W. 402, 8 Am. St. Rep. 829; Parsons v. Brown, 15 Barb. 590.

Even the owner of real property cannot, by resorting to force, obtain its possession from one wrongfully withholding the same from him. Resorting to force, under such circumstances, is unlawful, and the one in possession may resist with force. Parsons v. Brown, supra; Bliss v. Johnson, 73 N. Y. 529; Bristor v. Burr, 120 N. Y. 427, 24 N. E. 937, 8 L. R. A. 710.

It follows that the determination of the Appellate Term, and judgment appealed from, must be reversed, with costs, and the judgment of the City Court of January 29, 1910, affirmed, with costs in this court and at the Appellate Term. All concur.