FEDERAL WASTE PAPER CORPORATION et al., Plaintiffs, *v.* GARMENT CENTER CAPITOL, INC., et al., Defendants.

Supreme Court, Special Term, New York County, March 22, 1944.

*Sidney S. Allen* and *Harold H. Straus* for plaintiffs.

*Leslie Kirsch* and *Samuel Bader* for Garment Center Capitol, Inc., defendant.

*Francis M. Verrilli* for Frank Granieri, defendant.

McGEEHAN, J. Plaintiffs have failed to establish that clear right to relief which is necessary on a motion for a temporary injunction.

Assuming that the provisions of the landlord's leases to its tenants are not broad enough to authorize the landlord to restrict the tenants to the use of a single designated firm for the removal of their waste paper and rags, it does not necessarily follow that plaintiffs, who are not lessees, have any right to restrain the landlord from keeping them out of the building. The landlord's duty is purely a contractual one, depending upon the terms of its leases to tenants, and it would seem that only the tenants may avail themselves of the landlord's breach or breaches of the contracts embodied in its leases. Cases dealing with the question of whether an invitee of a tenant who actually enters the landlord's building is a trespasser are not determinative of the question whether such invitees may compel the landlord to permit them to enter. A similar observation is applicable to cases dealing with a landlord's liability for negligence or otherwise to invitees of tenants while they are in the landlord's building. The present case does not appear to come within the classes of cases in which a person not a party to a contract may enforce its provisions. (See *Seaver* v. *Ransom,* 224 N. Y. 233.)

It is to be noted that the plaintiffs do not pay the tenants for the waste paper and rags removed by them. On the contrary, it is the tenants who pay plaintiffs for the removal of the waste paper and rags.

Plaintiffs' claim that the acts of the defendants are illegal because in restraint of trade appears to be without merit. No unreasonable restraint of trade is involved in the landlord's regulation that all the waste paper and rags be removed from its building by a single firm.

The other contentions made by plaintiffs merit no discussion.

The motion for a temporary injunction is denied.