FEDERAL WASTE PAPER CORPORATION et al., Appellants, *v.* GARMENT CENTER CAPITOL, INC., et al., Respondents.

First Department, November 3, 1944.

*Sidney S. Allen* of counsel (*Harold H. Straus,* attorney), for appellants.

*Samuel Bader* of counsel (*Leslie Kirsch* with him on the brief; *Glass & Lynch,* attorneys), for respondent Garment Center Capitol, Inc.

*Francis M. Verrilli* of counsel (*Harry M. Alfert,* with him on the brief), for respondent Granieri.

DORE, J.  Plaintiffs sue to enjoin defendants from interfering with plaintiffs' established business of removing waste paper at the request of tenants in the building owned by defendant Garment Center Capitol, Inc., at 512 Seventh Avenue, New York City, N. Y.  Defendants after answer separately moved under rule 112 of the Rules of Civil Practice for judgment dismissing the complaint for legal insufficiency; Special Term granted both motions; from the orders and judgments entered against them, plaintiffs appeal.

Plaintiffs allege that from June 15, 1937, until February 29, 1944, initially at the request of defendant Garment Center, they have conducted the business of removing waste paper and rags from certain of the tenants in defendant owner's building and built up a profitable trade and good will with tenant customers therein; that in February, 1944, defendants conspired to destroy plaintiffs' business by causing tenants to refuse to do business with them, but after the tenants were informed of the facts certain of them agreed with plaintiffs and invited plaintiffs to continue to remove their waste paper and rags from the premises;

and that defendant Granieri is a competitor in the waste paper removal business who has also done business in the building removing waste paper from certain tenants other than plaintiffs' customers. On March 1, 1944, defendant owner refused to permit plaintiffs to use the freight elevator to remove certain tenants' waste paper although defendants knew that such tenants had invited plaintiffs to do so. Plaintiffs charge that defendants thus conspired to ruin plaintiffs' business and destroy its good will and ask that defendants be enjoined from so doing and from refusing plaintiffs access to the building.

The answers, in general, denied plaintiffs' allegations except that defendant owner admitted plaintiffs were engaged in the waste paper removal business from June 15, 1937, to February 29, 1944, and were not permitted to use the freight elevator in the building in March, 1944.

On these pleadings without any documents or exhibits annexed thereto, Special Term dismissed the complaint, stating that the granting of an exclusive privilege for the removal of waste was neither illegal nor an unreasonable restraint of trade.

We are not, as defendants seem to assume, presented on this appeal with the question in the abstract whether the owner of a business building under any circumstances may deny to all but one waste paper collector the use of freight elevators or whether such regulation if made would be reasonable under any conceivable circumstances. On this appeal we must assume the truth of all the factual allegations of the complaint, must give them every favorable inference, and are restricted to such facts. (*Sage* v. *Culver*, 147 N. Y. 241; *Merchants Loan & Investment Corp.* v. *Abramson*, 214 App. Div. 252.) The tenants' leases are not now before us nor are any regulations or reservations that the landlord may have made therein. The pleadings do not state that any exclusive privilege has been given to or refused anyone. Plaintiffs are not mere peddlers or solicitors of new business. On the facts pleaded, plaintiffs are tenants' invitees for the removal of waste papers and rags resulting from the operation of the tenants' business in the premises and have built up over a period of many years a profitable business and valuable good will with their customers who have requested them to continue the service. No facts are pleaded to show that plaintiffs have conducted themselves in an improper manner or imposed any unreasonable burden on the owner.

Unless otherwise restricted by the leases between the owner and the tenants, third persons who are invited by a tenant in a matter incidental to the tenant's business have the right to make

reasonable use of the tenants' usual means of ingress and egress. (32 Am. Jur., Landlord and Tenant, §§ 170, 171, 197, 200; Note, 6 A. L. R. 465; Note, 43 A. L. R. 206; *Brendlin* v. *Beers,* 144 App. Div. 403, 404 [First Department].) In *Thousand Island Park Assn.* v. *Tucker,* 173 N. Y. 203, plaintiff sought to prevent a farmer from supplying plaintiff's lessees with food products in violation of plaintiff's regulation that they purchase food only from plaintiff and its licensees. In affirming judgment in defendant's favor, the court said: '' By leasing the lots as designated on such maps the plaintiff thereby dedicated the land in the streets and roads to the use of the lot lessees, and any one using a road for access to the premises of such lessee on the latter's request can justify his presence there as against the plaintiff under such dedication. * * *.''

Other decisions in analogous cases indicate similar rulings. In *Konick* v. *Champneys* (108 Wash. 35) plaintiff, a retail grocer, sued defendant, the owner of a house, to enjoin him from interfering with plaintiff in delivering supplies to tenants at their request. The Supreme Court of Washington said: '' ' The rule of implied invitation may be stated as follows: Invitation as distinguished from mere license is implied by law only when the visitor comes for some purpose connected with the business in which the owner or occupant is there engaged or which he permits there to be carried on, and there must be some real or supposed mutuality of interest in the subject to which the visitor's business relates.' * * * It follows from these principles, we think, that an invitee has privileges in the premises which he can enforce in his own right * * * and it would seem equally plain that, if his right of entry is wrongfully interfered with by the owner, he can have, at least as the practice is administered in this state, injunctive relief against the denial of the right.'' In *Williams* v. *Lubbering* (73 N. J. L. 317) the owner of an apartment attempted to prevent an iceman accustomed to delivering ice to the tenant from entering the premises for that purpose under an arrangement with the tenant. The court said: '' When a landlord rents apartments to another he impliedly grants all that is indispensable for their free use and full enjoyment, and he cannot deprive a lessee of ingress and egress to such apartments at all hours and times [citing cases]. * * *

'' Not only is the lessee himself entitled to egress and ingress, but so are those who visit him. * * * Nor has the landlord the right to select the visitors or the tradesmen or the tradesmen's servants, so long at least as they are decent in character and behavior. The tenant is at liberty to receive whom he

pleases and to engage any tradesmen or deal with any merchant at his pleasure.''

The right to carry on a lawful business is a property right and acts committed without just cause or excuse which interfere therewith may be enjoined (32 C. J., Injunctions, 155; Nims on Unfair Competition and Trade-Marks [3d ed.], § 164; 28 Am. Jur., Injunctions, § 124). The right to acquire property by honest labor or the conduct of a lawful business is as much entitled to protection as the right to guard property already acquired. (*Internat'l News Serv.* v. *Asso. Press,* 248 U. S. 215, 236; see, also, *Dorchy* v. *Kansas,* 272 U. S. 306, 311; *Brennan* v. *United Hatters,* 73 N. J. L. 729, 742.) Where that right involves the right to earn a livelihood by continuing in employment, the fact that the employment is at the will of the parties does not make it one at the will of others. (*Truax* v. *Raich,* 239 U. S. 33, 38.)

What the defendant owner in its leases may have specially reserved from tenants who are plaintiffs' customers, the extent to which plaintiffs are proper invitees or business visitors of the tenants in matters incidental to the tenants' business, the extent of the burden plaintiffs' service may impose on the owner or other tenants, the reasonableness of regulations, if any, that the owner may have made, all these and other relevant issues, can only be determined after full disclosure of the facts at trial. On the pleadings, we hold plaintiffs have stated a cause of action for claimed unlawful interference with plaintiffs' established business and good will as invitees of tenants or under agreements with them.

Defendants' contention is in effect that the owner of a loft building may exclude persons who are invitees of its tenants or under agreements with them in matters relating to their business use of the premises, without proof that such invitees have conducted themselves improperly or unlawfully or imposed any unreasonable burden on the owner. This amounts to a claim that the owner has the unrestricted right to select the tenants' visitors and tradespeople. If that follows from the mere fact of ownership, then it would seem the owner of an apartment house would have the right to select the laundress, grocer, butcher or milkman of his tenants and compel them to deal with such tradespeople of the owner's selection to the exclusion of those the tenant himself has invited. We think the mere statement of such claim based on ownership alone, without proof of any special restrictions, regulations or agreements, carries its own refutation.

Our prior affirmance without opinion (267 App. Div. 973, affg. 181 Misc. 701) of the order of Special Term denying a preliminary injunction did not necessarily adopt the reasons set forth in the opinion of the learned Special Term; the denial of a temporary injunction does not constitute an adjudication on the merits; the prior order is not the law of the case. (*Walker Memorial Baptist Church* v. *Saunders,* 285 N. Y. 462, 474.)

The tenants are not indispensable parties. One seeking to enforce a property right to conduct a lawful trade or calling and prevent unlawful interference therewith need not join as parties plaintiff all those with whom he has done business or with whom he has created a valuable good will.

In view of what we have said, it is unnecessary to consider whether the defendants' action was illegal as being in restraint of trade.

The orders and judgments appealed from should be reversed, with costs, and defendants' motions denied.

TOWNLEY, GLENNON and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Orders and judgments reversed, with costs, and defendants' motions denied. [See *post,* pp. 966, 978.]