■   MARGARET SCHIERMEISTER et al., Respondents, v. ROBERT S. KAHN, Appellant.— In a negligence action to recover damages for personal injury

sustained in a fall by the female plaintiff on a wooden step in the basement of premises owned by the defendant and occupied by tenants, the defendant appeals from a judgment of the Supreme Court, Kings County, entered February 3, 1964 after trial upon a jury's verdict in the plaintiffs' favor. Judgment affirmed, with costs. We are of the opinion that the stairway and the step in question were not in the possession and control of the defendant owner. There is proof, however, sufficient to support a finding that the defendant owner, after commencement of the occupancy by the tenants, voluntarily undertook to repair a condition in the stairway leading to the basement portion of the tenants' apartment. The defendant owner negligently made the repair by placing at the bottom of the stairway a defective, unfastened, wooden step which, under certain conditions, would move or wobble and would cause one descending the stairway to trip and fall. Having voluntarily undertaken to make the repair, the defendant owner is charged with the duty of doing it carefully (*Marks* v. *Nambil Realty Co.*, 245 N. Y. 256; *Siskin* v. *Katz*, 249 App. Div. 659). The guest of the tenant derives his rights through the tenant; the owner owes him the same duty of care as he owes to the tenant (*Brendlin* v. *Beers*, 144 App. Div. 403). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.