HARDENBURGH *vs.* CRARY and CRARY.

In an action for an assault and battery growing out of a disputed occupancy of lands, it is erroneous in the judge to exclude evidence offered to show who was in the actual occupation of the premises in dispute; that being a question of fact, and not a conclusion of law—a question to be determined by ocular observation, and not by a process of reasoning. WRIGHT, J. dissented.

The remedy of the party, in such a case, is a rigid cross-examination of the witness; not an objection to the question itself.

A decision of a co-ordinate branch of this court, is to be regarded as of controlling authority, until reversed.

THIS is an appeal by the plaintiff from an order of Justice GOULD granting a new trial for excessive damages in an action for assault and battery, tried before Justice WRIGHT at the Sullivan circuit in June, 1857, and in which the jury rendered a verdict for $500 in favor of the plaintiff, being the whole amount of damages claimed in the complaint.

The collision arose in reference to a disputed occupancy of lands, each party claiming a right to the possession, and the evidence was to a considerable extent conflicting. But there was evidence tending to show the plaintiff in actual possession; the attack severe; with a pitchfork and stones; the injury to the plaintiff considerable; he being knocked down, wounded and bleeding; and the expression of an intent by the principal defendant to have killed the plaintiff, and of regret that he had not had a revolver at the time of the affray, which he would have used upon the plaintiff. The judge at the circuit admitted one of the defendants to swear for the other, but refused to allow him to testify that the plaintiff committed the first assault upon the defendant, or what acts of violence he did commit, or to testify who planted, sowed, fenced and occupied the lot in question, for the two years immediately previous to the assault. The defendants excepted. The judge also overruled a question put by the defendants to another witness, as to " who was in the actual possession of the field spoken of, at and immediately

Hardenburgh *v.* Crary.

previous to the assault and battery mentioned." The defendant excepted. The jury having found a verdict for the plaintiff for $500 the defendants applied at the special term for a new trial, before Justice GOULD, and from his order granting the same for excessive damages, the plaintiff appealed.

*A. J. Bush,* for the plaintiff.

*R. W. Peckham, Jr.* for the defendants.

HOGEBOOM, J. There is one particular in which I think the judge at the circuit erred, and for which I think a new trial ought to be granted, without examining the other questions in the case. He excluded evidence to show who was in the actual occupation of the premises in dispute ; the object being, doubtless, to show that the defendant was so in possession. I think this was a question of fact, and not a conclusion of law. It was a question to be determined by ocular observation, and not by a process of reasoning. Actual possession means actual occupancy. It does not involve the question of right to the premises, but the mere question of who was upon the premises. It is true, this was one of the questions in dispute, but that did not make it any the less a matter of fact, as to which a witness could testify. It might be more or less difficult to answer if both parties were upon the premises, but the difficulty of the question does not affect the competency of the evidence. It might involve the necessity of further questions, and perhaps of a rigid cross-examination, but this last I think was the true remedy, and not an objection to the question itself. It belongs to that class of facts of which there are many in the law, seemingly involving, to some extent, the expression of an opinion, or a conclusion from other particular facts, as to which, from the necessity of the case, the law tolerates a direct and comprehensive question. But the point is directly

adjudged in this court, by a decision at general term. (*See* · *Parsons* v. *Brown*, 15 *Barb.* 590.)    And if we are to regard the decision of a co-ordinate branch of this court as of con- trolling authority — and such, with much reason, is urged to be the rule— (*see—Burt—v.—Powis;—16 How. Pr.—289*,) then the only course left for us is to apply the law in accordance with such decision.    But I regard the decision above refer- red to as correct in principle, independent of the question of authority.    I am therefore of opinion that the order of the special term, granting a new trial in this action, should be affirmed, with costs to abide the event.

[ALBANY GENERAL TERM, December 6, 1858. · *Wright, Gould* and *Hogeboom* Justices.]