CHARLES A. SMITH, Appellant, *against* CO-OPERATIVE DRESS ASSOCIATION (LIMITED), Respondent.

(Decided January 21st, 1884.)

Where it appears that the powers and duties of the general manager of a corporation are prescribed by its by-laws, his authority to employ others to render services to the corporation cannot be established by his own testimony, or by proving directions received by him from the president and other individual directors or officers of the corporation, or by showing his custom in hiring persons (he not having reported the engagements so made to the board of directors), or by showing what other engagements with employés he made. And evidence that while he was such general manager, he employed every person who entered the house and discharged every person who was dismissed without supervision or objection by the president or directors as to what he did, while it might be sufficient to warrant a recovery from the corporation by a person so hired by him for services actually performed in the place of business of the corporation, will not sustain a claim for damages for discharge under a special contract of employment for a fixed period purporting to be made by him on ehalf of the corporation.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The action was brought to recover damages for an alleged wrongful discharge of plaintiff on May 13th, 1882, from employment claimed by him to have been for one year from March 20th, 1882. Defendant's answer denied employment for a year. At the trial, the complaint was dismissed, and

judgment for defendant was entered thereon. From the judgment plaintiff appealed.

*Blumenstiel & Hirsch*, for appellant.

*C. C. Prentice*, for respondent.

J. F. DALY, J.—The plaintiff was hired by John Wales, the general manager of defendant. The question in the case was the authority of Wales to make contracts of employment of this character. The plaintiff introduced the written contract between the general manager and the association, by which it appeared that he was to have such powers and duties as then were or thereafter might be prescribed by the by-laws, and that the term of his employment was one year, the contract bearing date July 19th, 1881. The by-laws of the corporation were not put in evidence. No proof of the authority of Mr. Wales, which could be received in evidence, was offered. His powers and duties were prescribed by the by-laws, as his contract, introduced by plaintiff, showed : and it was incompetent to show them by parol evidence of Wales himself, or by proving directions received by him from the president and other individual directors or officers, or by showing his custom in hiring persons (he not having reported the engagements so made to the board, as he swears) or by showing what other engagements with employés he made; and therefore all the evidence of that character offered was properly excluded and the exceptions by plaintiff to such exclusion are not well taken.

Mr. Wales was allowed to testify that he employed every person from the day he entered the house and discharged every person and no one, neither the president nor directors, knew when persons came in or out, and neither of them made any objections to what he did : he did that whole business. This evidence, with the fact that he was employed as general manager, might be sufficient to warrant a recovery by one of the persons hired by him, for services actually

performed in the place of business of the corporation, but a claim for damages for discharge under a special contract for a fixed period stands on a different footing. The directors and officers of the association might be deemed to have acquiesced in all that the general manager did which might come under their observation in the course of such attention to the business of the association as their duty as directors or officers required them to give. To the extent to which such acquiescence might be inferred an apparent authority to make contracts with employés might be said to be shown, but this would be no more than a general authority to employ persons in and about the building and store of the association. It would not justify an inference that the general manager had authority to engage the plaintiff as a "buyer" for a year. If such a contract were made for one year upon such authority it might be for ten years, and this could hardly be assumed to be within the powers of a general manager employed for only one year himself. It is in fact repugnant to all just inferences from the facts, that a general manager whose control was limited to one year, had practically unlimited control for years over the corporation through the power of making special contracts for long periods with employés. There was not therefore, in the apparent authority with which Wales was vested, any ground for inferring that he had the power to make a special contract of this nature. The plaintiff was not shown to have relied upon any such apparent authority, for he asked Wales at the time this agreement was made "if the association were bound by his acts" and appeared to rest satisfied with his assurance that they were. This of course does not protect him. As he knew he was making a special contract with a mere agent, he was bound at his peril to ascertain his true authority.

The judgment should be affirmed, with costs.

VAN HOESEN and BEACH, JJ., concurred.

Judgment affirmed, with costs.