LUKE COX, Appellant, *v.* ALBANY BREWING Co., Respondent.

*Supreme Court, Third Department, General Term, July* 6, 1889.

1. *Principal and agent. Authority.*—A person who is permitted by a firm to represent it by hiring, paying and discharging an employee, may be regarded by the latter as the agent of the firm.
2. *Contract. Statute of frauds*—A verbal contract to work for one year, to begin with the day on which the contract is made, is not within the statute of frauds.

Appeal from a judgment, entered upon a nonsuit directed by the court at the close of plaintiff's testimony upon trial at the circuit.

The action was to recover damages for breach of a contract of employment, alleged by the plaintiff to have been

made by and between him and the defendant for the plaintiff's personal services for one year, at two dollars per day. The plaintiff served ten weeks and one day and then was discharged, being paid in full for the time of his actual service.

On Saturday, May 7, 1888, the plaintiff received a postal card, signed by the defendant's stamp, stating: "If you come to the brewery we have a position for you." He went to the brewery and into the office of the defendant, and found William Gray there behind the counter alone and apparently in charge. Gray asked him to come to work on Monday following. Rowe, the defendant's superintendent, came in, and also asked him to come. The plaintiff said he would. He went there Monday morning, and Gray asked him to go to the malt house and work there a week, and help the malster show the green hands how to work the malt. It appears that there was a strike among the defendant's regular workmen. The plaintiff at first refused to work in the malt house, saying that he had been there before and the work did not agree with him. He then left the office. Gray followed him out, and said : "Cox, if you will come down to the malt house for two or three days and help Farrell show the green hands how to do the work, I will guarantee you a year's work at two dollars a day." Gray repeated the statement. The plaintiff then said: "I will work until Saturday night and come back Monday." He thereupon went to the malt house and worked there until Saturday night, came back on Monday morning following, when Mr. Gray directed him to go to the shipping room, which he did, and worked there, under the direction of defendant's superintendent, for nine weeks and one day.

Mr. Gray then told the plaintiff that the knights of labor objected to him and he was obliged to lay him off, and directed him to go to the office and get his pay, and he did so. He went there on the following morning to apply for

work, and said to Mr. Gray : " How is it that you hired me for a year ? " and Mr. Gray told him to get out of the office and not come any more and added : " I suppose you mean to take suit against me."

*Chase & Delehanty*, for appellant.

*De Witt & Spoor*, for respondent.

LANDON, J.—The plaintiff was nonsuited. He is therefore entitled to the most favorable inferences of which the testimony admits. He dealt with the person whom the defendant permitted to be its representative in its dealings with the plaintiff, from and including the time of his employment, during the ten weeks and one day of his service, and with and including his payment and discharge. As between the parties, Gray was the ostensible agent of defendant and clothed with all the power he assumed to exercise. Besides there is no intimation in the evidence that his real power was not as ample as his ostensible. The jury might have found that the defendant did employ the plaintiff for one year at two dollars per day.

No question arises under the statute of frauds, for the plaintiff went to work upon the morning of his contract, and the year of his services would expire on the evening before the full year would expire.

The judgment is reversed, a new trial is granted, costs to abide the event.

LEARNED, P. J., and INGALLS, J., concur.