LUKE COX, RESPONDENT, *v.* THE ALBANY BREWING COMPANY, APPELLANT.

*Principal and agent — general powers of an agent intrusted to do a particular kind of business — authority as to hiring employees — presumption as to the authority of one engaged in the office of a corporation.*

In an action brought to recover damages for the breach of an alleged contract made by the defendant's agent with the plaintiff, it was claimed by the defendant that there was no evidence that the alleged agent was authorized to employ hands for more than one day at a time, and that, therefore, if, as was claimed, the agent employed the plaintiff for a year, he did so without authority from the defendant, and the defendant was not bound by such agreement.

*Held,* that while a special agent, with limited powers, cannot bind the principal where he goes outside of the scope of his authority, yet where an agent is intrusted to do a particular kind of business, he becomes, as between the principal and parties dealing with him, the general agent for the transaction of that business, and his acts, as between his principal and strangers, in that particular line, will bind the principal, although the agent in so acting has violated private instructions given by his principal which were unknown to the public.

An agent who has authority to hire parties to work, as between his principal and strangers dealing with him, will be deemed to possess general authority to employ unless the limitation or qualification of his authority has been made known to the persons whom he employs in the service of his principal.

A party seeking employment has a right to presume that a person at the office of the corporation, who assumes to employ laborers, has authority to act in that capacity, and a jury may presume, from acts openly done in the usual course of business at the office of the company, that such authority exists, although there be no evidence of actual knowledge on the part of the company or of its directors, or of express ratification.

APPEAL by the defendant, the Albany Brewing Company, from a judgment of the Albany County Court, entered in the office of the clerk of the county of Albany on the 26th day of February, 1890, with notice of an intention to bring up for review upon such appeal all proceedings had upon the trial of such action, including an order denying a motion for a new trial on the judge's minutes, made in the action after a verdict had been rendered therein and before entry of judgment thereon.

*De Witt & Spoor,* for the appellant.

*Chase & Delehanty,* for the respondent.

MAYHAM, J.:

This is an appeal from a judgment of the Albany County Court, rendered upon the verdict of a jury in favor of the plaintiff, and also from an order of the County Court denying a motion for a new trial upon the judge's minutes.

The action is upon an alleged contract by the defendant for the labor of the plaintiff in the defendant's brewery for one year at the rate of two dollars per day, which the plaintiff alleges the defendant broke by discharging him from its employment before the expiration of the term.

The defendant denies the making of the contract; and the principal contention is, was the plaintiff employed by the defendant to work by a contract or agreement binding upon the defendant?

The jury found for the plaintiff and a judgment was entered upon their verdict, and from that judgment the defendant appeals.

The jury having found for the plaintiff upon the disputed questions of fact as to whether or not there was an agreement between the parties that the plaintiff was to work for a year, and also that there was a breach, and damages resulting therefrom, their finding should be upheld, unless there was some error committed on the trial upon questions of law.

It is insisted on the part of the appellant that, as matter of law, no binding contract upon the defendant was proved, as there was no affirmative proof on the part of the plaintiff that Gray, with whom the plaintiff claims to have contracted, was the duly authorized agent of the defendant to employ hands for more than one day at a time,

and that, therefore, if, as is claimed in this case, he employed the plaintiff for a year, he did so without authority from the defendant, and it is not bound by that agreement.

It is a well settled and elementary rule of law, that a special agent with limited powers cannot bind the principal where he acts outside of the scope of his authority; but that rule is subject to this qualification, that where an agent is intrusted to do a particular kind of business he becomes, as between the principal and parties dealing with him, the general agent for the transaction of that business; and his acts, as between his principal and strangers, in that particular · line, will bind the principal, although he violates some private instructions given by his principal not known to the public.

If, therefore, it be conceded or established by the proof in the case, that Gray had authority to hire hands on this work, that authority as between the defendant and strangers dealing with him in that line would be general, unless the limitation or qualification of his authority was made known to persons whom he employed in the service of the defendant. In the language of this court, in *Cox* v. *Brewing Company*, on a former appeal, "as between the parties, Gray was the ostensible agent of the defendant and clothed with all the power he assumed to exercise."

The undisputed evidence in this case is that the plaintiff was invited by a written communication to come to the defendant's brewery for service; that pursuant to that request he went there and found Gray in the office assuming to employ hands; that he was then and there set at work by Gray, and continued in that service for several weeks to the knowledge of the general superintendent, and was paid from time to time for his services.

It is true he was contradicted by Gray as to the terms of the employment, but that raised a question of fact which was disposed of by the jury; and while his continuance in service for that term might not, and would not, amount to a ratification of the special contract by the defendant, unless its terms were disclosed to it, still it was evidence bearing strongly upon the authority of Gray, and such as might be relied upon by his employees, who had no notice of any limitation upon his authority. In *Conover* v. *Ins. Co.* (1 N. Y., 292) the court says: "Incorporated companies whose business is necessarily conducted altogether by agents, should be required, at

their peril, to see to it, that the officers and agents whom they employ, not only know what their powers and duties are, but that they do not * * * transcend those powers. How else are third persons to deal with them with any degree of safety?

As was said in this case, "they (the public) have no access to the by-laws and resolutions of the board, and no means of judging, in the particular instance, whether the officer is, or is not, within the prescribed limits." (*Leslie* v. *Knickerboker Ice Co.*, 63 N. Y., 34; *Fister* v. *La Rue*, 15 Barb., 323; *Dilleber* v. *Knickerbocker Life Ins. Co.*, 76 N. Y., 572.)

The plaintiff had a right to assume that the person at the office who assumed to employ laborers had authority to act in that capacity. And it has been held that a jury may presume the authority in such a case from an act openly done in the usual course of business, at the office of the company, without the evidence of actual knowledge on the part of the company or its directors, or of express ratification. We discover no error in the charge of the judge, or in his refusal to charge, which will justify a reversal of this judgment.

As we have seen, any private instructions by the manager of the company to Gray prior to the making of the contract, that no laborer should be hired for a longer time than for one day, not known by or communicated to the plaintiff, would not relieve the defendant from liability so long as the defendant permitted Gray to act for it at the office in the capacity of an employer of labor. It was not, therefore, error for the judge to refuse to charge as requested upon that point.

The judgment and order are affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.