APPLEBEE v. ALBANY BREWING CO.

*(Supreme Court, General Term, Third Department.   November 26, 1890.)*

ACTION FOR SERVICES—EVIDENCE.
   In an action for services there is no error in permitting plaintiff to testify that he was hired by G., who turned him over to R., who assigned him work; that G. discharged him, and was "boss," and that R. was superintendent, and so called by the book-keeper and others.   Such evidence is a statement of facts, and not an expression of opinion.

This is an appeal from the judgment of the Albany county court, entered upon the verdict of a jury.   The action was to recover upon an alleged contract to work one year for the defendant, which plaintiff claims that the defendant broke at the end of 10 weeks, and the plaintiff was damaged by reason of such break.   The answer denied the contract, and the main contention on the trial was whether there was a special contract for a year's service and employment.   The plaintiff testified that on the 7th of April, 1888, "I went up to the Albany Brewing Company.   Saw Wm. Gray there, and Chas. Rowe.   Wm. Gray was the man generally in the office.   He was in the office before the desk.   He was not doing anything when I went in.   Mr. Rowe went out of the office into the yard behind the brewery.   *Question.* Who is Rowe?   *Answer.* He is president of the brewing company.   *Q.* You don't mean president, do you?   (Objected to by the defendant as calling for witness' conclusion.)   *The Court.* If he knows, he can state.   If he don't know, he can't state.   He can't state what he has heard.   *Q.* Do you know Mr. Rowe?   *A.* Yes, sir.   *Q.* What is he?   *A.* He is boss there.   *Q.* Do you know what position he holds, or if he holds any position, in the Albany Brewing Company?   Do you know if he holds any position?   *A.* No, sir.   *Q.* What?   *A.* No, sir.   *Q.* Well, you say you saw Mr. Gray and Mr. Rowe, both in the office?   *A.* Yes, sir.   Mr. Rowe went out, and Mr. Gray asked me if I wanted to go to work.

I told him I did not know whether I wanted to or not.  He said if I would go to work, he would guaranty me a year's work.  I told him I guessed I would go to work for him.  He told my father-in-law to take me out, and Mr. Rowe would appoint me a team of horses.  I went out and saw Mr. Rowe, in the back yard, and went out to the stable, and he assigned me a horse.  Something was said about the compensation I was to receive.  I told Rowe I did not want to come in and take the Knights of Labor's place, for fear they would not stay.  He says: 'You must not be afraid.  These men are paid off, and cannot come back.  You get a steady job for a year, if you behave yourself.'  *Q.* For how much?  *A.* Two dollars a day."  The plaintiff further testified that he started and worked ten weeks and one day; saw Rowe there after that.  "The same Rowe I have spoken of.  He was walking around and seeing things kept right.  I expect I took my orders from him.  I worked ten weeks and one day, then I was discharged.  Wm. Gray discharged me.  The same man that hired me, and that I had the conversation of hiring with.  *Q.* What did he say?  (Objection by defendant to witness stating he was discharged as being a conclusion.  An exception.)  *Q.* What was said to you by Mr. Gray at the time you were discharged?  *A.* He said he was sorry to lay us off; they were losing their custom by keeping us, and had to take their old hands back."  Plaintiff further testified that he went back, saw Gray, and told him he was ready to fill his contract.  "He told us to go away from the brewery, and not to come back there any more.  Afterwards went back there again, and he told me to get out of there, and I never went back after the last conversation."  William H. Sinclair, another witness produced by the plaintiff, testified substantially to the conversation and transactions between plaintiff and Gray and Rowe, as detailed by the plaintiff, except more fully as to price.  He used this language:  "He [Gray] says, 'You want to work for us?' and he said, 'I don't know whether I do or not.'  Gray said, 'If you go to work for us, you have a good job here, and steady work for a year, if you behave yourself.  If you drive a team it will be $13 a week, and if you drive one horse it will be $12 a week.'  He says, 'You are used to horses?'  He says, 'I have driven some.'  He says, 'Can you write?'  'Yes.'  He says, 'If you work in the cellar it will be $12 a week;' and he finally consented to go.  He told me to take him to Rowe, and he would assign him a team.  We met Mr. Rowe in the yard near the shed.  *Question.* Who is Mr. Rowe?  *Answer.* He is superintendent; he had acted as such, and is called so by the book-keeper and others.  (Defendant objects to the answer, and asks to have it stricken out as improper, merely a conclusion, an opinion of the witness, and immaterial and incompetent.  Overruled.  Defendant excepts.)"  In the progress of the trial various other questions were asked plaintiff's witness by his counsel, and rulings made by the court, to which exceptions were taken by the defendant, which are assigned by the defendant as error on this appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*De Witt & Spoor,* for appellant.   *Chase & Delehanty,* for respondent.

MAYHAM, J.  We discover no sufficient grounds for reversal of this judgment, on the ground stated in the defendant's motion for a new trial upon the minutes.  If the evidence was properly received on the trial, the verdict is abundantly sustained by it; but if it were not, as there is no certificate that the case contains all the evidence, the court would be required to assume that other sufficient evidence was given on the trial to uphold the verdict, so that the question for consideration and examination on this appeal is confined to exceptions taken to rulings of the judge as to the admission of evidence.  We are also of the opinion that, as between the plaintiff and defendant, the evidence established the authority of William Gray to bind the defendant by contract with employes, unless the evidence by which that

authority was sought to be proved was erroneously received. *Cox* v. *Brewing Co.*, 10 N. Y. Supp. 213, and cases there cited.

The counsel for the appellant insists that, in various questions put to the plaintiff and his witnesses to establish Gray's agency, the witnesses were asked for, and permitted to testify to, their conclusions that he was such agent, and not to the facts from which the jury could determine whether or not such agency existed. After the plaintiff had testified to a portion of the conversation with Gray, in which Mr. Rowe's name was used, he was asked, "Who is Mr. Rowe?" to which he answered, without objection, "He is the president of the brewing company, I believe. *Question.* You don't mean president, do you?" This last inquiry was objected to by defendant, and the court ruled: "If he knows, he may state. If he don't know, he can't state. He can't state what he has heard." We see no error in this ruling. The witness was confined to his own knowledge, and hearsay was excluded. But the question was not answered. Another question was asked, to which no objection was made, and the witness said, in substance, that Rowe was boss there, and followed that by an answer that he did not know what position in the Albany Brewing Company Rowe occupied. After the plaintiff testified that he was discharged by Gray, he was asked by his counsel: "What did he say to you?" To this question defendant objected, as follows: "Objection by defendant to witness stating he was discharged, as being a conclusion." The objection was overruled, and an exception was taken; but it will be observed that no such question as was embraced in the objection was asked, and no motion was made to strike out the plaintiff's testimony upon that subject, which was received without objection. The question put, "What did Gray say?" was clearly proper, if Gray's agency was established; and that, we think, was a question to be determined by the jury, under proper instruction from the court.

The next objection to this class of evidence was to the answer to the question put by plaintiff's counsel to the witness Sinclair: "*Question.* Who is Mr. Rowe? *Answer.* He is superintendent; he has acted as such, and is called so by the book-keeper. (Defendant's counsel objects to that answer, that Mr. Rowe has acted as superintendent, and asks to have it stricken out as improper, merely a conclusion or opinion of the witness, and immaterial and incompetent.)" This objection and motion were overruled, and defendant excepted. It was probably a material inquiry and subject of investigation on this trial to show what relation Rowe bore to the defendant and its business, not so much to prove that he was authorized to employ workmen, as to show the authority of Gray; that he was authorized to hire men and send them to Rowe, whose province it was to assign them to duty; so that the plaintiff might urge, and the jury might infer, that if Gray in fact employed hands, and Rowe assigned them to their work, and the company allowed them to continue in service, and paid them for the same, it would be a fair inference that these two men were the agents of the company, to perform the duties which the proof shows they in fact undertook to and did perform. In that view of the case, we do not see that the testimony that Rowe acted as "boss" was the expression of an opinion. It seems to me to be more the statement of a fact than expression of an opinion. The rule that witnesses must state facts, and not opinions, except in certain cases when expert opinions may be given, is as contended for by the learned counsel for the defendant, and is too well settled to admit of doubt or require citation of authorities; but we do not think it applies to the questions put and answered here. *Hardenburgh* v. *Crary*, 50 Barb. 32. A boss is one who oversees or gives direction. To say that Rowe acted as boss is another way of saying he gave directions in reference to the work, and this it appears he did; because the witness goes on to say that "Mr. Gray sent me here with this man, and Rowe said he could have a good job," etc., and took him over to the barn and assigned him a horse, and

the witness says that he saw Mr. Rowe bossing, giving men orders, and telling them what to do. Nor do we see that any error was committed by the learned judge in overruling objections and allowing evidence given by witness Cox. He swears he was employed by Gray, and worked ten weeks and one day, for which he was paid by the defendant. He also testified without objection that he knew Rowe, and characterized him as "superintendent." He was then asked: "What does he do?" That question was objected to, but we think the objection was not well taken, for the reason given above. He also swears that he knew of a great many men being hired by William Gray. This evidence was received under defendant's objection, but the judge received it, and we think correctly, as evidence proper to go to the jury upon the general question of authority of Gray to hire men for the defendant. Our attention is called by the learned counsel for the defendant to the cases of *Merritt* v. *Briggs,* 57 N. Y. 651; *Nichols* v. *Iron Ore Co.,* 56 N. Y. 618; *People* v. *Sharp,* (N. Y.) 14 N. E. Rep. 319; *Nichols* v. *White,* 41 Hun, 152; and *Nicolay* v. *Unger,* 80 N. Y. 54,—in each of which the opinions and exclusions of witnesses are held not competent evidence, but we fail to see their application to the case at bar, as the witnesses in this case were not asked to and did not testify to conclusions or opinions. Nor do we see any error in the charge of the learned county judge for which the judgment should be reversed. It follows that the judgment must be affirmed. Judgment affirmed, with costs.