## FIRTH v. VEEDER.

(*Supreme Court, General Term, Third Department.*  November 26, 1890.)

TRESPASS—QUESTION FOR JURY.

 The question as to the possession of land is a question of fact for the jury.

Appeal from Montgomery county court.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*H. B. Cushin*, for appellant.   *R. B. Fish*, for respondent.

MAYHAM, J.   This is an appeal from the judgment of the Montgomery county court, affirming the judgment of a justice of the peace.  The action was for alleged wrongfully entering upon lands in possession of the plaintiff, and removing therefrom personal property of the plaintiff.  The defense is a general denial.  The plaintiff recovered before the justice, and the judgment was affirmed on appeal in the county court, and the defendant appeals to this court.  The case shows that the plaintiff placed his wagons and sleighs in a place designated in the proof as the "Tremper Coal-Yard," in the village of Fultonville, and that the defendant, without the consent of the plaintiff, removed them from that place into the street.  Upon these facts there is no conflict.  There was no answer of title interposed, and the only question which could be litigated on this trial, assuming that it was an action of trespass *quare clausum fregit*, was who was in actual possession of the premises on which the wagons and sleighs were located at the time of the alleged removal of the same?  The defendant insists that the plaintiff proved no possession in himself, and therefore failed to prove a cause of action under his complaint; that at most his proof only established a license, and that did not establish such a possession as would authorize him to maintain an action of. trespass on land.  Within the technical rules of pleadings it might have been better if the plaintiff had complained in trespass *de bonis asportatis*, but that question is not before us, and we must examine the case as it is presented.  The plaintiff, in this testimony, says: "I am the plaintiff in this action, and know the premises referred to in the complaint, known as the 'Tremper Coal-Yard.'  About the 23d of December I was in possession of the east side shed, and there had stored wagons and sleighs,—5 or 6 wagons and 3 sleighs, one

pair bob-sleighs. I saw them there myself, and had them placed there some time previous to the middle of December, 1889." He further testifies that on the 30th of December he found that they had been removed, and placed in the street, and that defendant told him he had placed them there. This was competent evidence, and raised a question of fact which the jury were called upon to consider. *Knapp* v. *Smith*, 27 N. Y. 277. In *Hardenburgh* v. *Crary*, 50 Barb. 32, HOGEBOOM, J., in delivering the opinion of this court, holds that a question of possession is a question of fact, and not a conclusion of law; a question that is determined by ocular observation, and not by a process of reasoning. It does not involve a question of right to the premises, but the mere question of who was upon them, and he held that the exclusion of the question, "Who was in the actual possession of the field spoken of at and immediately previous to the assault and battery mentioned?" was error; citing *Parsons* v. *Brown*, 15 Barb. 590. It is true that there was some evidence tending to show the possession in the defendant, but such evidence only tended to present a disputed question of fact, which the jury must have found in favor of the plaintiff, and with which this court should not interfere. With that question of fact in the case, it was not error for the justice to refuse to nonsuit the plaintiff. The question of actual possession in fact, and not the right to the possession, could be inquired into in a justice court. The right to the possession involves a question of title to land, and could only be raised by an answer showing that title to land is in question, which would oust the justice of jurisdiction. No such answer was interposed in this action, and, if it had, alleging a superior right of possession, it would have raised a question of title, and the justice would have been ousted of jurisdiction. *Ehle* v. *Quackenboss*, 6 Hill, 537. It was competent to try the question of actual possession, but not the right to possession, in this action. The proof does not disclose the extent of the injury, if any, to the plaintiff's property, but we do not think the recovery so large as to justify the reversal of the judgment on that ground. Judgment affirmed, with costs.