PIUS STAHLBERGER, Respondent, *v.* NEW HARTFORD LEATHER COMPANY, Appellant.

*Principal and agent — power of the general manager of a corporation to hire employees — scope of his apparent authority where restrictions thereon are not communicated to the employee.*

In an action brought by a servant to recover, as damages for a breach of contract, his wages for the balance of a year, it appeared that the defendant was a corporation having a general manager named Rose, who had been employed shortly before the time of the hiring of the plaintiff for a term of five years, under a contract which provided that his actions as general manager and superintendent were to be in all things under the direction and control of the board of directors of the defendant. It also appeared that about the time of the making of this contract a director named Seaton was appointed managing director, but it did not appear that Seaton had ever hired any one, or that he had ever asked the plaintiff in regard to the arrangement under which he was working for the corporation.

*Held,* that a judgment in favor of the plaintiff should be sustained;

That the court properly refused to hold as a matter of law that the defendant was not bound by the acts of Rose;

That the court properly refused to charge that the contract made between Rose and the defendant did not confer authority upon Rose to bind the defendant by a contract of hiring for one year ;

That in the absence of proof that Seaton had advised or controlled Rose in the selection of servants, the presumption was that Rose had the general authority of a general manager, and consequently such request to charge could not be sustained upon the theory that the approval of Seaton was necessary to give validity to his acts ;

That the company would be bound to carry out an agreement made by Rose with any person dealing with him, within the apparent scope of his agency and without knowledge of any restriction upon his presumptive powers.

APPEAL by the defendant, the New Hartford Leather Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 26th day of March, 1895, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 18th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Van Auken & Pitcher,* for the appellant.

*Sayles, Searle & Sayles,* for the respondent.

MERWIN, J. :

The defendant is a domestic corporation, organized in the spring of 1893, for the purpose of tanning and manufacturing fancy leather at the village of New Hartford. The plaintiff is a tanner by trade, and on the 24th of July, 1893, he entered into the employ of the defendant under a contract of hiring, as he claims, for the term of one year, at the price of wages of thirteen dollars and fifty cents a week, payable at the end of every week. He continued at work to the 21st of October, 1893, and was then discharged. This action is to recover, as damages for the breach of the contract, his wages for the balance of the year, less what he has been able to earn elsewhere, and the recovery is on that basis. The claim of the defendant is that the hiring was by the day, and not otherwise, so that it had a right to discharge the plaintiff at any time.

The contract with plaintiff was made on the part of defendant by one Rose, who was its general manager. Rose had a written contract with defendant, dated June 30, 1893, by which he was employed by the defendant for the term of five years to act as its general manager and to superintend the manufacturing and tanning of leather, and it was by the contract provided that he was to be in all things under the direction and control of the board of directors of the defendant. It was also provided that if at any time the board of directors of the defendant should decide that it was not for the interest of the company to continue its business, the contract should be canceled and the employment of Rose should terminate. There was evidence on the part of the plaintiff that tended to show that Rose, as general manager of defendant and acting for it, employed plaintiff for a year. There was evidence to the contrary on the part of the defendant. Whether there was such a contract made was clearly a question of fact, which the jury have disposed of in favor of the plaintiff.

But the defendant claims that Rose, as general manager, had no power to make a contract for a year. Besides the contract between defendant and Rose, there was some evidence that Rose had the general management of the business, and had general power to hire and discharge men. There were five directors of the corporation, and on the 16th of June, 1893, they appointed one of their number, Mr. Seaton, managing director. It does not appear that, after the

contract with Rose was made, the board of directors as such took any action limiting or controlling the power of Rose. There was evidence on the part of the defendant that Rose, before consummating any arrangement for help, consulted with Seaton; also that before plaintiff left, Seaton never hired any one, and that he never asked plaintiff under what arrangement he was at work. Plaintiff lived at the village of Oneida, and upon entering the employ of defendant moved his family to New Hartford. According to the testimony of Rose, on the part of defendant, the plaintiff was discharged for cause, but no defense of that kind is set up.

At the close of the trial, the defendant moved for a nonsuit upon the ground, among others, that no authority was shown in Rose to hire plaintiff for a year. This motion was denied and defendant excepted. Defendant also moved on the same grounds that the court direct a verdict in its favor. This was denied and exception taken. The court charged the jury that, under the contract between Rose and the defendant and upon the other evidence in the case, whatever Rose did with reference to hiring the plaintiff was the same as if the defendant in person had done it, and whatever bargain Rose made, so far as this case was concerned, the defendant made, and refused upon the request of defendant to charge that the contract between defendant and Rose did not confer authority upon Rose to bind the defendant by the contract of hiring for a year. Defendant duly excepted.

In *Cox* v. *Albany Brewing Company* (56 Hun, 489), which was an action like the present for damages under a contract of employment for a year, it was held that "an agent who has authority to hire parties to work, as between his principal and strangers dealing with him, will be deemed to possess general authority to employ unless the limitation or qualification of his authority has been made known to the persons whom he employs in the service of his principal." In *Williams* v. *Getty* (31 Penn. St. 461), which was an action for damages on a contract of employment made between plaintiff and the general manager of defendant, it was held that "the authority of a general agent to contract so as to bind his principal, is only limited to the usual and ordinary means of accomplishing the business intrusted to him. If the principal holds out the agent to the world as a general agent in the transaction of his

business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made have no notice of such restriction. Persons dealing with an agent carrying on a general business, such as a general manager of a railroad contractor, are not bound to inquire into the particulars of the agent's authority when held out to the world as a general agent."

A general manager of a lumber manufacturing corporation has been held to be authorized to employ workmen for the season, although he had no express authority to employ by the season. (*Ceeder* v. *Lumber Co.*, 86 Mich. 541 ; 4 Thompson on Corp. § 4854.) "A foreman intrusted with the general management of a trade or business has an implied general authority from his employer to enter into all such contracts as are usually and necessarily entered into in the ordinary conduct and management of the business." (Addison on Contract, § 69.) (See, also, 2 Cook on Stock, etc., § 719.)

The case of *Smith* v. *Co-operative Dress Association* (12 Daly, 304) is relied on by the defendant. In that case one Wales was, in July, 1881, employed by defendant as general manager for one year. In March, 1882, he hired plaintiff for one year as a "buyer." It was held that the defendant was not bound. There were no circumstances that indicated any apparent authority to make a special bargain of that kind, and emphasis was given to the fact that the control of the general manager was limited to a year. This does not reach the present case.

The motions for a nonsuit and for a direction of a verdict for defendant were properly denied. By these the court was asked to hold as matter of law that the defendant was not bound by the act of Rose. There was, outside of the contract of Rose with the defendant, evidence tending to show that Rose was held out as general agent with general power to hire and discharge men, and that the contract with plaintiff was within the scope of such agency, and that plaintiff had no knowledge of any restriction on the apparent power of Rose. Very clearly the court was right in declining to say, as matter of law, that Rose had no power to bind the defendant. The exception to the charge that Rose did, under the contract

and the other evidence in the case, have power to bind the defendant, is not available under the ruling in the case of *Village of Port Jervis* v. *First Nat. Bank* (96 N. Y. 551, 560), there being no request to have the question of authority submitted to the jury.

Nor do we think that the court erred in refusing to charge that the contract between Rose and the defendant did not confer authority upon Rose to bind the defendant by the contract of hiring for a year. The point of the defendant seems to be that no contract of Rose would be effective to bind the defendant until the defendant by its managing director approved of it. This construction should not, we think, be given to the contract between Rose and the defendant. The board of directors and probably the managing director had the right to control and direct Rose in the discharge of his duties, but in the absence of such direction the presumption would be, as the trial court well said, that Rose had the general authority of a general manager. Any one dealing with Rose within the scope of the agency and without knowledge of any restriction on his presumptive power, could hold the company. The presumption was that Rose had power to make the contract with plaintiff, and so the request was properly refused. If there was any question whether the contract with plaintiff was within the scope of the agency of Rose, or whether the plaintiff had any notice of any limitation on the authority of Rose, the defendant should have asked for the submission of those questions to the jury.

The provision of the contract between Rose and the defendant that the contract might be terminated if thought best for the interest of the defendant is not important here, as there is no claim that it did not continue long after the term of plaintiff's contract.

These considerations lead to an affirmance of the judgment.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.