(87 App. Div. 116.)

### NEWMAN v. LEE.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. ADMISSION OF EVIDENCE—HARMLESS ERROR.
    Where, in a trial to the court, certain evidence admitted over plaintiff's objection that it was improper, under the answer, is held not to establish a defense, the propriety of the overruling of the objection will not be reviewed.
2. BROKERS—GENERAL AGENT—RULES OF STOCK EXCHANGE—BINDING FORCE ON CLIENT.
    Rules of a stock exchange, by which a broker, who is a member thereof, is prohibited from receiving a certain class of legitimate orders, are in the nature of "private instructions" by him to his general agent for the brokerage business, and cannot be received, as against a client who is ignorant thereof, to limit the agent's authority.
3. SAME.
    A broker whose agent receives an order violative of the rules of the exchange of which the broker is a member cannot urge that the client, who was ignorant of the rules, was nevertheless bound by them, as constituting the custom of the business, the effect of which was to invalidate his order; the client having the right to presume that both the broker and his agent obeyed the customs of their business.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Katherine H. Newman against John T. Lee. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Samuel G. Adams, for appellant.
Michael Kirtland, for respondent.

WOODWARD, J. This action was to recover an amount deposited as a margin, in certain stock transactions, with the manager of one of the offices where the defendant carried on business as a broker. The answer is a general denial. The trial was before the court without a jury, and the defendant appeals from a judgment in favor of the plaintiff.

The trial court admitted, over the plaintiff's objection, certain testimony tending to show that neither the plaintiff nor the defendant's manager intended at any time to deliver or accept shares, but merely to pay differences according to the rise or the fall of the market. This testimony the court held insufficient to establish the illegality of the contract as a wagering agreement, and the conclusion is fairly sustained by the evidence. It is therefore unnecessary to pass upon the correctness of the court's ruling in admitting the evidence as competent under the general denial in the answer. See Goodwin v. Massachusetts Mut. Life Ins. Co., 73 N. Y. 480, 496.

We think Brown, the defendant's manager, was acting within the apparent scope of his authority as agent of the defendant in making this contract, and that the defendant is therefore bound by his act. He was more than a special agent of the defendant. He was a general agent for the transaction of the particular business in which he was engaged when he made this contract. "Where an agent is intrusted to do a particular kind of business, he becomes, as between the principal and parties dealing with him, the general agent for the transaction of that business; and his acts, as between his principal and strangers, in that particular line, will bind the principal, although he violates some private instructions given by his principal, not known to the public." Cox v. Albany Brewing Co., 56 Hun, 489, 491, 10 N. Y. Supp. 213, 214.

It is contended by the defendant that, inasmuch as this was a "discretionary order," the defendant is not bound by his agent's act. Upon this point, evidence was offered to show that the defendant did not authorize the making of the contract; that he was prohibited from taking this kind of order by the rules of the exchange of which he was a member, and therefore could not authorize an agent to do this class of business. The evidence was rejected. It seems to us that the rules are "private instructions," within the meaning of that term as used in the Cox Case, above cited. Surely they have not the force of general laws, which every man is presumed to know. Their only sanction is that of the body making them, and that organization can inflict penalties for their violation only on its members. It is not contended that a contract made in violation of the rules is in any sense tainted with illegality. The rules of stock exchanges do not differ essentially, in respect to their operation among persons who are not members, from the by-laws of business corporations. These are binding upon third persons only when those persons have knowledge of them. It does not appear that the plaintiff had knowledge of the rule in question, or that she even knew the defendant was a member of any exchange. To her the defendant was merely a broker, and Brown his manager and agent. The rule here invoked is one restricting the powers which would ordinarily belong to an agent of Brown's

class; that is, the class of brokers' agents. The plaintiff was not bound by the rule. "By-laws of business corporations are, as to third persons, private regulations, binding as between the corporation and its members, or third persons having knowledge of them, but of no force as limitations per se as to third persons of an authority which, except for the by-law, would be construed as within the apparent scope of the agency." Rathbun v. Snow, 123 N. Y. 343, 349, 25 N. E. 379, 380, 10 L. R. A. 355, citing Morawetz on Corporations, § 593. While, perhaps, the plaintiff must be presumed to have consented that the transaction be conducted according to the custom of brokers (Horton v. Morgan, 19 N. Y. 170, 75 Am. Dec. 311), yet evidence of that custom, which is in this case crystallized in the form of written rules, should be admitted only to show that a course of dealing between a broker and his client, regular in its inception, was or was not carried on in accordance with such custom. The doctrine of Horton v. Morgan, supra, does not permit a broker to retain a client's funds upon the plea that he received them irregularly, and to be sustained in this contention by proof of the rules of his exchange or the custom of his business. If he cannot use the rules as a shield for his own irregular acts, the acts of his agent, whom he has apparently given full authority for the purposes of his business, cannot be repudiated on the ground that they are forbidden by the rules. If the client is to be regarded as having consented, by employing a broker, that the custom of brokers shall govern the transaction, the consent presupposes that the broker has acted and will act within the rules; and the client is entitled to act upon the presumption that neither the broker nor his agents will enter into engagements contrary to the custom of the business or the rules of their exchanges. The testimony was properly rejected. But even conceding the ruling to have been error, still it satisfactorily appears from an examination of the whole case that the defendant was not prejudiced by the exclusion of the evidence, especially as the case was tried before the court without a jury. See Truman v. Lombard, 10 App. Div. 430, 434, 42 N. Y. Supp. 262.

The assignment of the claim in suit to the plaintiff appears to be in all respects properly acknowledged, authenticated, and proved. Laws 1896, p. 613, c. 547, § 261; 1 Rev. St. Ontario 1897, c. 175.

The other exceptions raise no point of reversible error, and the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.