### DIAMOND v. LAWYER.

#### (Schoharie County Court. May 17, 1909.)

1. TRESPASS (§ 45*)—To REAL ESTATE—POSSESSION—EVIDENCE.
    As the question of possession of realty is one of fact, an answer to the question as to what person has been in possession of real estate since a specified date is admissible as bearing on the question of possession.
    [Ed. Note.—For other cases, see Trespass, Dec. Dig. § 45.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRESPASS (§ 45*)—TO REAL ESTATE—EVIDENCE—ADMISSIBILITY.

> Where, in trespass to real estate, the only question was the possession of the land on which the trespass was committed, it was error to receive in evidence a deed embracing such land, together with real estate in the occupancy of defendant, though received to show that defendant and others had a right to make an agreement among themselves as to the occupancy of real estate, since the introduction of the deed was an indirect way of proving title.

> [Ed. Note.—For other cases, see Trespass, Dec. Dig. § 45.*]

Appeal from Justice Court.

Action by George Diamond against William D. Lawyer. From a judgment rendered in justice court, plaintiff appeals. Reversed.

W. H. Albro, for appellant.

G. L. Danforth, for respondent.

LAMONT, J. This is an appeal from a judgment rendered in justice's court in an action of trespass quare clausum fregit on the 18th day of December, 1908, in favor of the defendant, for $9.30 costs against the plaintiff. The plaintiff claimed to recover damages for alleged trespasses by defendant's cattle in his garden, and the principal question in controversy on the trial was the question of possession.

I think that the justice erred in admitting and excluding testimony, and I will refer to some of these errors for the purpose of showing why the judgment should be reversed. I think it was error to sustain defendant's objection to a question put to plaintiff as follows: "Since March last, who has been in possession of this garden up to the present time?" The question of possession is one of fact, and the plaintiff ought to have been allowed to answer this question, as it bore upon a vital question to be tried and determined, to wit, the question of possession. Parsons v. Brown, 15 Barb. 593. Hardenburgh v. Crary, 50 Barb. 33. Firth v. Veeder, 58 Hun, 605, 12 N. Y. Supp. 579.

I think it was error to receive the deed to defendant and his two brothers in evidence, under plaintiff's objection, although received for no other purpose than to show that defendant and his brothers had a right to make an agreement among themselves as to the occupancy of the farm, of which the garden was a part. The justice allowed the defendant to give testimony of this agreement under plaintiff's objection. This agreement was to the effect that the defendant should have the right to occupy the lands described therein, and I think the justice erred in receiving it. The introduction of the deed was an indirect way of proving title. The agreement, standing alone, unsupported by the deed, would prove nothing. Hence the obvious intent in putting the deed in evidence, and its effect, was to show ownership in the land, and show the right of the defendant and his brothers to make the agreement. So the introduction of the deed was error. It was permitting the defendant to show a property right or interest in the land, to make the agreement effectual, upon which to predicate possession against the plaintiff. Alleman v. Day, 49 Barb. 644; Firth v. Veeder, 58 Hun, 605, 12 N. Y. Supp. 579.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By the deed it appeared that it embraced the locus in quo in question. The undisputed proof also showed that the defendant had occupied the lands exclusive of the house and garden, so that the only question in controversy was the possession of the garden, where it was claimed that the alleged trespasses were committed. I think that the court below should have confined the parties to this question of possession under the pleadings, tried that question only, and allowed all legal testimony in relation thereto, and that the introduction of the deed and agreement was harmful to the plaintiff, and reversible error.

The judgment must be reversed, with costs.