### COHEN v. GOLDSTEIN.

(Supreme Court, Appellate Term. February, 1911.)

1. PRINCIPAL AND AGENT (§ 116*)—TRANSACTIONS WITH AGENT—CONCLUSIVENESS.

    The rule that one dealing with an agent must ascertain the agent's authority, or deal with him at his peril, and that a special agent, acting outside the scope of his authority, may not bind the principal, is subject to the qualification that, where an agent is intrusted to do a particular kind of business, he becomes, as between the principal and parties dealing with him, the general agent for the transaction of such business, and his acts bind the principal, though he violates a private instruction.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 377, 377½; Dec. Dig. § 116.*]

2. PRINCIPAL AND AGENT (§ 132*)—TRANSACTIONS WITH AGENT—CONCLUSIVENESS.

    Where an agent was authorized to hire and discharge employés of his principal, so that, when hiring, he was the general agent of his principal, a contract of hiring was binding on the principal.

    [Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 132.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Cohen against Samuel Goldstein. From a judgment of the City Court of the City of New York, dismissing the com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

A. Joseph Geist (Julius Kendler, of counsel), for appellant.
Leo H. Rich (Arthur H. Cameron, of counsel), for respondent.

PAGE, J. The action is for damages for breach of an alleged contract of employment for one year. Plaintiff claims that on the 26th day of February, 1910, he was employed to act as a foreman at $20 per week for one year by one Frank Goldstein, a brother of the defendant and in his employ. All the evidence tending to show the contract of employment was excluded, until plaintiff showed Frank Goldstein's authority. There was read in evidence a portion of the defendant's examination before trial, in which he had testified:

"My brother has the absolute right to employ men from week to week. Some men I do employ, and some I do not. When anybody comes to seek employment in my place, he either comes to my brother, or to the designer. My brother has the right to employ men for a period of time. I was not present when the plaintiff was employed. My brother and the designer told me they had employed the plaintiff. * * * Before the plaintiff was employed, my brother told me he needed some one to examine garments, and I told him to go ahead and get somebody. My brother has the right to discharge people whom he has employed."

On being called as a witness by the plaintiff, the defendant testified on direct examination that his brother Frank had charge of the factory to a certain extent:

"Q. And he employs the people, does he not? A. He employs people; yes. Q. As a matter of fact, he employs most of the help, does he not? A. He does, if I tell him to. Q. Answer my question. As a matter of fact, he employs most of the help, does he not? A. Yes, sir."

And on cross-examination by his own counsel:

"Q. Your brother hires the help there, you say? A. Yes, sir; my brother hires the help there."

Although it is true, as a general rule, that a third person, dealing with an agent, should ascertain the agent's authority or deal with him at his peril, and "that a special agent cannot bind the principal, where he acts outside of the scope of his authority, this rule is subject to this qualification: That where an agent is intrusted to do a particular kind of business, he becomes, as between the principal and parties dealing with him, the general agent for the transaction of that business; and his acts, as between his principal and strangers, in that particular line, will bind the principal, although he violates some private instruction given by his principal, not known to the public." Cox v. Albany Brewing Co., 56 Hun, 489, 491, 10 N. Y. Supp. 213; Stahlberger v. New Hartford Leather Co., 92 Hun, 245, 236 N. Y. Supp. 708; Newman v. Lee, 87 App. Div. 116, 84 N. Y. Supp. 106; Hannon v. Moore, 3 Misc. Rep. 358, 23 N. Y. Supp. 120; Graves v. Miami Steamship Co., 29 Misc. Rep. 645, 61 N. Y. Supp. 115.

There can be no doubt from the testimony that Frank Goldstein was authorized to hire and discharge employés for Samuel, and, when

hiring, he was the general agent of Samuel for that transaction. When that had been proved, the court erred in excluding the evidence of the terms of hiring.

The judgment of nonsuit was improper, and must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.