### VAN INGEN et al. v. MAX MARX.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. PRINCIPAL AND AGENT &#8466;124—AUTHORITY OF AGENT—LIMITATIONS ON AUTHORITY.

    Where the agent of a firm was its general manager in the matter of finances and credits, but his authority was secretly limited, so that he was required to submit the opening of new accounts, the checking of old accounts, or information as to a man's reputation or general character to the head of the firm, whether he had authority to bind his principal by

agreeing to an extension agreement signed by defendant's other creditors was for the jury in a suit for goods sold and delivered.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ☞124.]

2. TRIAL ☞25—CONDUCT OF TRIAL—RIGHT TO OPEN AND CLOSE.

Where the answer in a suit for goods sold and delivered denies no material allegation of the complaint, defendant, having the burden of proof, has the opening and closing of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. ☞25.]

3. DISCOVERY ☞79—USE OF EVIDENCE OBTAINED—PRESENTING WITNESS FOR CROSS-EXAMINATION.

Where defendant in an action for goods sold and delivered has read from the examination of one of the plaintiffs, he need not present the witness in person at the trial to submit him to plaintiff's cross-examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 99–102; Dec. Dig. ☞79.]

Appeal from City Court of New York, Trial Term.

Action by Edward H. Van Ingen and others against the Max Marx, a domestic corporation. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Emanuel Van Dernoot, of New York City, for appellant.

Stroock & Stroock, of New York City (Moses J. Stroock, of New York City, of counsel), for respondents.

BIJUR, J. Plaintiffs sue for goods sold and delivered. The only defense litigated was that plaintiffs had orally agreed to an extension agreement signed by all of defendant's other creditors, but had, in violation of their oral agreement, refused to sign such written contract. In moving for the direction of a verdict, plaintiffs pointed out, first, that the party that the defendant claimed to have made the agreement of extension with, one Faron, had not been shown to have authority of the plaintiffs to make the extension; second, that defendant had not complied with the provisions of the extension agreement because moneys paid by defendant under the agreement to one Kay, who was designated therein as the agent, had not been distributed pro rata, or rather that no part thereof had been paid to plaintiffs. The latter point need not be considered, first, because there was no obligation undertaken by defendant under its agreement to make the payments to plaintiffs, but only to make the payment to the agent, and as to that there was testimony that it had been so made. In the next place, it is rather difficult to understand how the agent could have made a payment to plaintiffs, when they denied that they were parties to the agreement. In other words, if the plaintiffs did not receive payment from Kay, it was their own act which prevented the payment.

[1] As a matter of fact, the only question on this appeal is whether there was sufficient evidence to show Faron's authority to bind the plaintiffs to the extension agreement. On this point it appears

by the deposition of one of the plaintiffs, taken before trial, that Faron was head of the financial department; that he passed generally upon credits, and was also the head of the credit department. He was, therefore, apparently the general agent of plaintiffs in the matter of finances and credits. It is claimed that there was a limitation upon his authority not known to defendant, namely, that in opening new accounts the matter should always be submitted to the head of the firm, and that if a customer was slow in his payments "Mr. Faron would not check the account without consulting" the head of the firm. The witness also said:

"There might be a question come up in regard to a man's reputation, his general character. Something new might come to Mr. Faron's knowledge, in which case he would report it to Mr. Van Ingen."

It is a serious question whether these secret limitations upon the authority of a general agent would, in the absence of knowledge thereof, be binding upon a person who dealt with the plaintiffs. See, for example, Hill v. Miller, 76 N. Y. 32; Martin v. Farnsworth, 49 N. Y. 555; Lowenstein v. Lombard Ayers Co., 164 N. Y. 324, 329, 58 N. E. 44; Molloy v. Portland Cement Co., 116 App. Div. 839, 843, 102 N. Y. Supp. 363; Cohen v. Goldsten, 128 N. Y. Supp. 69. Moreover, it does not seem that the case at bar came within the limitations. At all events, a question on this point was clearly presented for the determination of the jury.

Defendant having made an adequate request for such submission, and having excepted to its denial, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

[2, 3] Incidentally it may be pointed out, so as to avoid a repetition of the error on the new trial, that, since the answer denied no material allegation of the complaint, the defendant had the burden of proof in the case, and consequently the opening and closing; also that the defendant, having read from the examination of one of the plaintiffs, was under no obligation to present the witness in person at the trial in order to submit him to what is called plaintiff's cross-examination.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.