WYNKOOP HALLENBECK CRAWFORD COMPANY, Respondent, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

(Argued March 4, 1935; decided June 4, 1935.)

*Francis R. Stark, Denis O'L. Cohalan, Ralph H. Kimball* and *Joseph L. Egan* for appellant. Assuming that the party to whom the overhead was to be " satisfactory " was the other party to the contract, nevertheless this provision of the contract was not illegal but valid, meant precisely what it said, and required that the other party be satisfied in fact as distinguished from what the referee might conclude it should reasonably have been satisfied with. (American Law Institute, Restatement of Law of Contracts, § 265; *Smith* v. *Robson,* 148 N. Y. 252; *Kramer* v. *Wien,* 92 Misc. Rep. 159; *Zahler* v. *Mann,* 97 Misc. Rep. 19; *Isbell* v. *Anderson Carriage Co.,* 170 Mich. 304; *United States* v. *Mason & Hanger Co.,* 260 U. S. 323; *Goltra* v. *Weeks,* 271 U. S. 536; *American Music Stores* v. *Kussel,* 232 Fed. Rep. 306; *Duplex Safety Boiler Co.* v. *Garden,* 101 N. Y. 387; *Williams Mfg. Co.* v. *Standard Brass Co.,* 173 Mass. 360; *Delano* v. *Columbia M. Works & M. Iron Co.,* 179 App. Div. 153; 226 N. Y. 660; *Studner* v. *H. & N. Carburetor Co.,* 185 App. Div. 131; 230 N. Y. 534; *Willis* v. *S. M. H. Corp.,* 259 N. Y. 144; *Gimberg* v. *Friedman,* 146 App. Div. 779; *Diamond* v. *Mendelsohn,* 156 App. Div. 636.) The satisfaction of the electric company with the overhead, for which the contract stipulated, was not the satisfaction of the other party but of a third-

party arbiter, which means that the third party's decision is final in the absence of collusion or bad faith. (*Neidlinger* v. *Onward Construction Co.*, 107 App. Div. 398; 188 N. Y. 572; *Granger Co.* v. *B.-K. Iron Works*, 204 N. Y. 218; *Condict* v. *Onward Construction Co.*, 210 N. Y. 88; *Wood & Co.* v. *Olvord & Swift*, 232 App. Div. 603; 258 N. Y. 611; *Dixon* v. *Western Union Tel. Co.*, 192 App. Div. 908.)

*William H. Button* for respondent. Under the contract involved in the counterclaims the electric company could not arbitrarily fix the amount of overhead. (*Dimes* v. *Grand Junction Canal Co.*, 3 H. L. Cas. 759; *Matter of Coombs*, 4 Exch. 841.) The telegraph company should be satisfied with such an allowance of overhead as would satisfy a reasonable person. (*Van Iderstine Co.* v. *Barnet Co.*, 242 N. Y. 425; *Mac Knight Flintic Stone Co.* v. *Mayor*, 160 N. Y. 72; *Nolan* v. *Whitney*, 88 N. Y. 648; *Doll* v. *Noble*, 116 N. Y. 230; *Haehnel* v. *Trostler*, 54 Misc. Rep. 262; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475; *Duplex Safety Boiler Co.* v. *Garden*, 101 N. Y. 387; *Russell* v. *Allerton*, 108 N. Y. 288; *Silver* v. *Graves*, 210 Mass. 26; *Hawkins* v. *Graham*, 149 Mass. 284; *Walker* v. *Cambridgeport Sav. Bank*, 186 Mass. 314; *Noyes* v. *Eastern Accident Assn.*, 190 Mass. 171; *Hunt Co.* v. *Boston Elev. Ry.*, 199 Mass. 220; *Cushman* v. *Proctor*, 200 Mass. 272; *Hands* v. *Bliss*, 204 Mass. 313; *MacDonald* v. *Kavanaugh*, 259 Mass. 439; *Keeler* v. *Clifford*, 165 Ill. 544; *Mullally* v. *Greenwood*, 127 Mo. 138; *Richison* v. *Mead*, 11 S. D. 639; *Lincoln* v. *Orthwein*, 120 Fed. Rep. 880; *Adamson* v. *Alexander Milburn Co.*, 275 Fed. Rep. 148.)

LOUGHRAN, J. Plaintiff, a printing concern, agreed with Western Electric Company to supply stationery to defendant at fixed prices for a stated period. Defendant was the principal of Western Electric Company and is here its assignee. Caught by the rising cost of labor and material, plaintiff sought and obtained a modification

of the contract whereby the measure of its compensation was changed to "cost of production" plus defined percentages of profit. The agreement, as so modified and as renewed from time to time, made this provision: "The phrase 'cost of production' as employed in this agreement shall be understood to mean the Printing Company's [plaintiff's] actual cost of labor and material (including an amount of administrative and overhead charges, attributable to the performance of said agreement, satisfactory to the Electric Company, which said sum is to be determined by the Electric Company after an audit and examination of the books and accounts of the Printing Company) and for the purpose of determining such cost of production the Printing Company agrees that * * * representatives of the Electric Company may, as such time as they desire, examine and audit such books and accounts." The proper construction of this clause is the principal question presented in this action for breach of the contract.

"Administrative and overhead charges" attributed by plaintiff to its performance were advanced subject to audit. For these provisional payments defendant demands judgment upon a counterclaim which alleges that the items when audited were not satisfactory to Western Electric Company. Proof of that fact was excluded by the referee who heard and determined the issue, because, as he found, Western Electric Company merely echoed a dissatisfaction asserted by defendant without justification in reason. This ruling having been affirmed by the Appellate Division, defendant appeals from the judgment recovered by plaintiff.

The finding that the dissatisfaction of Western Electric Company was only that of defendant is not without support in the evidence and must be accepted. We are not in accord with the ruling that defendant's dissatisfaction, though actual, was not conclusive against plaintiff upon the matters embraced in the counterclaim.

The proof supplies no positive, objective standard of the fairness or correctness of many of the " administrative and overhead charges " that have been allowed to plaintiff as attributable to its performance. " Overhead " cannot be defined with precision. " It may be said to include broadly the continuous expenses of a business irrespective of the outlay on particular contracts " (SEARS, J., in *Dairymen's League Co-operative Assn., Inc.*, v. *Holmes*, 207 App. Div. 429, 438.) As the Supreme Court of Pennsylvania has said: " There are many uncertain items fluctuating between the administrative and operative ends, partaking somewhat of both." (*Lytle, Campbell & Co.* v. *Somers, Fitler & Todd Co.*, 276 Penn. St. 409, 415.) This record bears witness to difficulty encountered at almost every step in the attempt to segregate true " overhead " from other general costs of a business and, when segregated, to departmentalize it.

Plaintiff has a large printing establishment. During the period covered by this contract it served many customers. This litigation began in 1924. It exhibits an extended debate between corps of experts who formulated their respective theses upon thousands of pages of computations and distributions. The controversy involves differences in procedure for ascertaining total " overhead," as well as in methods of distribution of that total over numerous activities in themselves unrelated. Items that have been allowed to plaintiff include interest on investment, depreciation computed on replacement cost, management expense, bad debts, and club dues, gratuities and donations.

We may assume with the referee that in all this there is no element of taste or fancy in a strict sense. It is here demonstrated, however, that the allocation of " administrative and overhead charges " to one of many separate undertakings in a single business is in large degree an affair of individual judgment, — an interpretation which is not matter of general agreement in the

business community. Under settled principles, therefore, the contract phrase " satisfactory to the Electric Company " is to be read, not as a stipulation for what court or jury would pronounce satisfactory to a reasonable man, but literally as meaning actually satisfactory to defendant personally. (*Duplex Safety Boiler Co.* v. *Garden* 101 N. Y. 387, 390; *Crawford* v. *Mail & Express Pub. Co.*, 163 N. Y. 404; American Law Institute, Restatement of the Law of Contracts, § 265.)

When literal construction is rejected in cases like this the reason is usually some consideration of hardship or of unjust enrichment. In that aspect it is to be noticed that this contract, as we have read it, still leaves to plaintiff in any event a profit which could not have been earned but for the modification of the original agreement by the grace of defendant.

For these reasons we are of opinion that the exclusion of the evidence offered by defendant was material error.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

The appeal taken as of right should be dismissed, without costs, as no substantial constitutional question is involved.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; FINCH, J., not sitting.

Judgment accordingly.