■ MADALYNNE GOLDSTEIN et al., Respondents, v. PARK TERRACE CATERERS, INC., Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from so much of an order as denied appellant's motion to dismiss the complaint for lack of prosecution, without prejudice to renewal should respondents fail, *inter alia,* to move with respect to an examination on or before a certain date. Appeal dismissed, without costs. The order is not appealable. (*Belfi* v. *International Commercial Corp.,* 277 App. Div. 787; *Kalmanash* v. *Weinstein,* 271 App. Div. 788; *Weinrib* v. *American Binder Co.,* 270 App. Div. 914.) Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.

■ INCORPORATED VILLAGE OF LAKE SUCCESS, Appellant, v. LAKEVIEW LODGE, INC., Respondent.— Appeal by permission of the Appellate Term from a resettled order of that court (1) reversing on the law and the facts a final order of the District Court of Nassau County, First District, which, in a summary proceeding to recover possession of real property, granted possession to appellant, and (2) ordering a new trial. Appellant granted a license to respondent to operate a restaurant on public property and reserved the right to terminate the license upon the failure of respondent to " provide quality food and beverages in a manner satisfactory " to named officials of the village. The trial court found, on sufficient evidence, that the named individuals were not satisfied with the manner in which the premises were operated, that their dissatisfaction was honest and sincere, and not in bad faith, arbitrary, or capricious. Upon reversal the Appellate Term held that whether respondent was performing in a satisfactory manner is susceptible of determination by objective standards and that the test which should have been applied by the trier was that of the reasonable man. Resettled order of the Appellate Term reversed on the law and the facts, and order of the District Court affirmed, with costs in this court and in the Appellate Term. Under the agreement the named persons were required to be satisfied with respondent's operation of the premises, and their determination is binding, in the absence of proof that it was arbitrary or capricious. (*Wynkoop Hallenbeck Crawford Co.* v. *Western Union Tel. Co.,* 268 N. Y. 108; *Ard Dr. Pepper Bottling Co.* v. *Dr. Pepper Co.,* 202 F. 2d 372.) Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.