Anthony M. Livoti, J.
Motion by defendant and cross motion by plaintiffs for summary judgment in an action for declaratory judgment.
The material facts are undisputed. Plaintiffs are the owners of certain real property on which defendant holds a first mortgage as extended by agreement dated January 12, 1960, wherein plaintiffs agreed in part to keep the property insured against loss by fire and other hazards “in a company or companies satisfactory to” the defendant and also agreed that ” All insurance shall be carried in companies approved by” the defendant.
Plaintiffs sought to substitute a fire insurance policy issued by State-Wide Insurance Company (hereinafter referred to as State-Wide) for the fire policy then in force. Defendant returned the State-Wide policy, stating in its letter dated October 31,1961, as follows: ” We are returning the State-Wide Insurance Company policy No. F600055 for the above account as the name of this company does not appear on our list of approved companies whose policies we are permitted to accept.” Thereafter, plaintiffs obtained a policy issued by Home Insurance Company which was accepted by the defendant because said company was on its list of approved companies. No investigation of State-Wide was conducted by defendant at the time plaintiffs forwarded its policy for approval and no investigation of State-Wide had ever been made by defendant prior thereto. Companies are not considered by the defendant for inclusion on its list unless they apply therefor. On May 4, 1962, State-Wide forwarded a letter to defendant in which it applied for such inclusion. Defendant acknowledges receiving an application from State-Wide on June 2, 1962. That application is pending and defendant is awaiting the outcome of this litigation before considering State-Wide’s application.
Plaintiffs contend that the provisions in the extension agreement are against public policy in that they violate section 340 of the General Business Law; that defendant is engaged in an arrangement whereby it is impairing the right of State-Wide to conduct its business in an unrestrained manner; that defendant’s customers are not allowed a reasonable freedom of choice in placing hazard insurance on their property pursuant to the Rules and Regulations for the Federal Savings and Loan System ; that defendant maintained a secret list, which was arbitrary in light of the fact that 29 other banking and loan associations accepted the policies of State-Wide, and that defendant’s refusal of plaintiffs’ insurance policy on the sole ground that State-Wide *9 was not on its list was arbitrary and deprived plaintiffs of a reasonable freedom of choice in selecting an insurance company.
Defendant contends that State-YVide is a necessary party; that plaintiffs have no right that is protected under section 340 of the General Business Law; that defendant is not engaged in any arrangement with others to impair the business of StateYVide since defendant is the only one of 29 banking and loan associations that does not accept State-Wide’s policies at this time; that its procedure for approving companies after application is not only good administration but in accordance with the duty imposed upon it by the said Bules and Begulations for the Federal Savings and Loan System; that it has 169 companies on its list at this time and welcomes all companies whose qualifications meet its objective standards and that the Federal Home Loan Bank Board declined to intervene or disapprove of its procedures after State-Wide made a complaint to the said board against defendant’s procedures with respect to mortgage fire insurance coverage.
Although plaintiffs are stockholders of State-Wide, their complaint is not in the nature of a stockholders’ derivative action seeking to protect the right of State-Wide to conduct its business in an unrestrained manner. State-Wide is not a party to this agreement or any agreement between plaintiffs and defendant. No rights of State-Wide have been asserted by it or by anyone on its behalf in this action and it stands in the position of any other insurance company not on the defendant’s list, assuming that its policy was also rejected in the same manner as StateWide’s policy. The fact that State-Wide is presently the choice of plaintiffs, which would cause it to benefit incidentally from a judgment in favor of plaintiffs, does not make it a necessary party. The rights of plaintiffs and defendant under their agreement can be effectually determined completely without the presence of State-Wide as a party and, therefore, it is neither an indispensable nor a conditionally necessary party under the provisions of section 193 of the Civil Practice Act.
It is true that a right to carry on a lawful business is a protected property right (Federal Waste Paper Corp. v. Garment Center Capitol, 268 App. Div. 230, affd. 294 N. Y. 714) under the common law and by virtue of section 340 of the General Business Law (Peekskill Theatre v. Advance Theatrical Co. of N. Y., 206 App. Div. 138). In addition to the said property right of the individual, whenever an agreement entered into between private parties is unlawful because it conflicts with a public policy declared by the State to safeguard the interests of the public, the Attorney-General is a necessary party, otherwise a *10 determination would not be binding on the rights of the public and the Attorney-General. (Manhattan Stor. & Warehouse Co. v. Movers & Warehousemen’s Assn. of Greater N. Y., 289 N. Y. 82.) However, there are no specific property rights belonging to State-Wide that have been raised in issue in this action either by State-Wide or by anyone on its behalf; nor does it appear that the rights and interests of the public are in issue so as to justify their defense in this action by the Attorney-General. Furthermore, no specific property rights belonging to plaintiffs, protected either by the common law or section 340 of the General Business Law, are in issue in the present action. (Cf. Eagle Spring Water Co. v. Webb & Knapp, N. Y. L. J., Nov. 5, 1962, p. 17, col. 3.) The sole issue to be determined herein relates to the private rights of plaintiffs and defendant under their agreement with respect to the approval of an insurance company by defendant.
The Bules and Begulations of the Federal Savings and Loan System relating to insurance coverage (§ 555.5) reads as follows : “ (a) The board of directors of each Federal savings and loan association has not only the right but the duty to establish and maintain such requirements over hazard insurance as in the fair and considered judgment of such directors are necessary to protect the association’s interest in the real estate security for its loans. Subject to this limitation, those who borrow from Federal associations on real estate security should have reasonable freedom of choice in the placing of hazard insurance on their property.” There have been no determinations by the Federal Home Loan Bank Board on this question. As noted by plaintiffs and defendant, the said board declined to intervene or to disapprove the mortgage forms and procedures of defendant.
The parties herein expressed their intent by agreeing that “ All, insurance shall be carried in companies approved by the party of the first part ” and “ in a company or companies satisfactory to the party of the first part ’ ’. The phrase £ ‘ satisfactory to ” has been interpreted ££ not as a stipulation for what court or jury would pronounce satisfactory to a reasonable man, but literally as meaning actually satisfactory to [the party] personally.” (Wynkoop Hallenbeck Crawford Co. v. Western Union Tel. Co., 268 N. Y. 108, 113; see Ivor B. Clark, Inc., v. Boston Road Shopping Center, 24 Misc 2d 84.) When such literal construction is rejected, the reason is usually some consideration of hardship or of unjust enrichment. (Wynkoop Hallenbeck Crawford Co. v. Western Union Tel. Co., supra.)
There are no elements of undue hardship, unjust enrichment or bad faith present herein. It is not disputed that the defend *11 ant had a list of over 150 insurance companies which it had approved after due consideration of their applications for inclusion on defendant’s list. It is also not disputed that plaintiffs were able to obtain fire insurance in another company on defendant’s list without experiencing any difficulty. Nor is there proof of any agreement between defendant and the companies on its list as a result of which defendant receives a benefit so as to raise the issue of bad faith.
It is clear that the intent of the parties as expressed in the aforesaid provisions relating to fire insurance was that the plaintiffs were to be bound by the judgment of the defendant. In the absence of proof of any bad faith, the court will not interfere with that judgment.
Accordingly, defendant’s motion for summary judgment is granted and plaintiffs’ cross motion is denied. Plaintiffs are bound by their contract commitment to carry insurance in companies on defendant’s list of approved insurers.